JOSEPH C. BALEY, Respondent, v. THE HOMESTEAD FIRE INSURANCE COMPANY, Appellant.

A condition in a policy of fire insurance, forfeiting it in case the property insured becomes incumbered in any way without the consent of the company written on the policy, refers to incumbrances created by the act of the insured; it does not apply to incumbrances by judgment or otherwise in-invitum by operation of law.

(Argued January 20, 1880; decided January 27, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of plaintiff, entered upon a verdict and affirming an order denying a motion for a new trial. (Reported below, 16 Hun, 503.)

This action was brought upon a policy of fire insurance issued by defendant to plaintiff upon his dwelling-house, barn, etc. The policy contained a condition that "this" company "shall not be liable * * * if without written consent hereon the property shall hereafter become incumbered in any way."

A judgment was subsequently recovered against the plaintiff in the Supreme Court, which became a lien upon the property insured, which defendant claimed worked a forfeiture of the policy.

*F. W. Hubbard*, for appellant.

*Chas. S. Baker*, for respondent. The defendant was bound to show affirmatively that the plaintiff voluntarily incumbered the property. (*Green* v. *Homestead Ins. Co.*, 17 Hun, 467, 469; Wood on Insurance, §§ 326, 552; *Strong* v. *Manuf. Ins. Co.*, 10 Pick., 40; *Franklin* v. *Findley*, 6 Whart. [Penn.], 483; 7 J. R., 531; 15 id., 278.)

ANDREWS, J. We are of opinion that the condition in the policy, that the company shall not be liable " if without

the consent of the company written on the policy, the property (insured) shall hereafter become incumbered in any way," is to be construed as referring to incumbrances created by the act of the insured, and has no application to incumbrances by judgment, or otherwise *in invitum*, created by operation of law. We think the condition has the same meaning as if it had provided that the policy should be void if the assured should in any way incumber the property without the written consent of the company. The language used implies that the consent of the company which will prevent the avoidance of the policy, is to precede the creation of the incumbrance. This condition of things has no proper application to the case of judgments which may be obtained by third persons against the insured, but only to incumbrances created by his voluntary act. The provision for consent was not intended primarily to relieve the insured from a forfeiture incurred, but to prevent the incurring of a forfeiture. It is not reasonable to suppose that the parties intended to provide for the consent of the company in advance to the rendition of a judgment against the insured in favor of third persons. If the condition embraces incumbrances by judgment, then in case of an insurance upon real property the moment a judgment is rendered, and the lien attaches to the insured property, a forfeiture occurs, and the contract of insurance is at an end, unless the company consents to re-instate it, by waiving the forfeiture, and this too, although the land cannot be sold on the judgment until an execution against personal property is returned unsatisfied. If incumbrances created by operation of law, are within the condition, the imposition of a tax on the insured property would create a forfeiture of the insurance, and the result would be that each year on the tax-rolls being completed, and put into the hands of the proper officers, for the collection of the taxes imposed, the insurances of the company on real property would be *ipso facto* terminated, taxes being an incumbrance on the land taxed (*Barlow* v. *St. Nicholas Nat. Bank*, 63 N. Y., 399), and

all land not specially exempted being liable to taxation. A construction tending to such consequences must be rejected as not within the intention of the parties, if another construction is possible. The condition ought to be construed in the same manner as conditions in leases against assignments, and it is well settled that an assignment by operation of law is not a breach of such a condition. (4 Kent, 124.)

The language of the condition in question fairly interpreted, does not extend to incumbrances created by law. To so construe it would defeat the contract of insurance in cases which could not have been contemplated. The defendant is claiming a forfeiture. When a clause in a contract is capable of two constructions, one of which will support, and the other defeat the principal obligation, the former will be preferred. Forfeitures are not favored, and the party claiming a forfeiture will not be permitted, upon equivocal or doubtful clauses, or words, contained in his own contract, to deprive the other party of the benefit of the right or indemnity for which he contracted. In *Egan* v. *Mutual Ins. Co.* (5 Denio, 326), the condition was, to the effect that the policy should be void if the insured should suffer any judgment, etc., unless he notified the company thereof, in which case, the power was reserved by the company to assent thereto, or to cancel the policy. This was a reasonable provision, and a defense founded thereon was sustained by the court, but the case has no bearing upon the one now before us.

The judgment should be affirmed.

All concur.

Judgment affirmed.