JAMES GREEN, Respondent, *v.* THE HOMESTEAD FIRE INSUR-
ANCE COMPANY, Appellant.

A condition in a policy of fire insurance that the insurer shall not be liable for loss if, without written consent, the property shall in any way become incumbered, applies only to incumbrances created by or with the assent of the assured, and to the creation of which he might apply for consent.

Where, therefore, after the issuing of such a policy, a mechanic's lien was filed against the property insured, and there was no claim that it was filed by the procurement of the assured, *held,* that it was not such an incumbrance as was contemplated by the condition, and did not avoid the policy.

(Argued September 28, 1880; decided November 16, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment

in favor of plaintiff, entered upon a decision of the court on trial without a jury. (Reported below, 17 Hun, 467.)

This action was upon a policy of fire insurance, issued to plaintiff by the defendant September 4, 1876, upon a building and personal property. The policy contained a clause conditioned " that the company shall not be liable for any loss, * * * * if, without written consent hereon, the property shall hereafter become incumbered in any way." Also, " or if the interest of the insured therein be changed in any manner, whether by the act of the insured or by operation of law."

A mechanic's lien was filed September 19th, 1876, upon the premises. A fire occurred October 14th, 1876.

*F. W. Hubbard* for appellant. The filing of the notice under the mechanic's lien law constituted an incumbrance within the intent of the policy. (3 R. S. 791, § 4, last clause Banks & Bros. [6th ed.])

*J. Welling* for respondent. The notice of lien, filed September 19, 1876, was not an incumbrance within the words or import of any condition of the policy. (*Rann* v. *Home Ins. Co.*, 59 N. Y. 387; *Reynolds* v. *Com. Fire Ins. Co.*, 47 id. 597, 604–605; *Breastead* v. *Farm. L. & T. Co.*, 8 id. 299, 305; *Colt* v. *Phœnix Fire Ins. Co.*, 54 id. 595, 597; *Baley* v. *Homestead Fire Ins. Co.*, N. Y. Ct. of App., 21 Alb. L. J. 173.) The incumbrances which would avoid the policy are those which should be created by the act of the assured, and of which he should be shown to have knowledge, so that he might obtain the consent of the company to such incumbrances. (Wood on Fire Insurance, § 326, p. 552; *Springfield F. & M. Ins. Co.* v. *Allen*, 43 N. Y. 389–394; *Baley* v. *Homestead Fire Ins. Co.*, 21 Alb. Law Jour., No. 9, 173.) The notice of mechanic's lien is not a specific incumbrance, and does not fall within the provisions of the policy. (*Owens* v. *Farmers' Joint-Stock Ins. Co.*, 57 Barb. 525; *Rohrback* v. *Germania Fire Ins. Co.*, 62 N. Y. 56.)

RAPALLO, J. The notice filed in pursuance of the mechanic's lien law clearly did not effect any change of interest in the property insured.

The only other question presented on this appeal is whether the filing of the notice of lien created an incumbrance in violation of a condition of the policy. The condition alleged to have been violated was that the company should not be liable for loss if, without written consent, on the policy, the property should become incumbered in any way. The policy was issued on the 4th of September, 1876. The notice of lien was filed on the 19th of September, 1876. The fire occurred October 14, 1876. It is not claimed that the lien was filed by the procurement of the assured. Assuming that it was an incumbrance upon the property, we do not think it was such an incumbrance as was contemplated by the condition; that the condition applied only to incumbrances created by or with the assent of the assured, and to the creation of which he might apply for the consent of the company, and that the true meaning of the condition was that the assured should not incumber the property without first obtaining the written consent of the company.

We have thus construed similar conditions in policies in other cases. (*Baley* v. *Homestead Fire Ins. Co.*, 80 N. Y. 21.)

The judgment should be affirmed.

All concur.

Judgment affirmed.