Barnard, P. J.
The defendant, by the policy in question, insured machinery and apparatus apart from the building. The. policy stated that the property insured was used in the business of manufacturing morocco and leather, and that it was contained in a frame building in Brooklyn. The policy contained a clause that any change increasing the hazard “either within the premises or adjacent _ thereto within the control of or known to the assured and' not reported to the company, and agreed to, avoids the policy and also this clause.” If a building covered by this policy shall become vacant or unoccupied, or if a mill or factory shall stand idle, * * * without notice to and the consent of the company clearly stated herein, all liability thereunder will thereupon cease.
This case shows that the mill stood idle for some months and that it was destroyed by fire, together with the insured machinery.
No notice was given to the company and no assent of the company was given. The mere non-occupancy would not as matter of law increase the hazard. An insurance company may make a condition that non-occupany shall avoid the policy and shall be of itself an increase of risk. No evidence was given of any increase of risk, and the defendant did not ask to go to the jury on the question.
The condition in respect to occupany of a building covered by this policy did not apply to the machinery in question. The words confine the condition to a building which is itself the subject of insurance. It may be inferred that such a condition, if good for the insurance as to the building, would also be beneficial to the personal property insured in it.
The policy does not say so, but in plain terms only refers to an insured building or idle mill.
The rule is very strict in every respect to the construction of policies. They are prepared, or were so, when this policy was issued, and provisions for forfeiture were also construed with great strictness. Baley v. Homestead Ins. Co., 80 N. Y., 21; Hermann v. Merchants’ Ins. Co., 81 id., 184; Griffey v. N. Y. Central Ins. Co., 100 id., 417.
Judgment affirmed, with costs.
Dykman and Pratt, JJ., concur.