## HOSFORD *v.* HARTFORD FIRE INSURANCE COMPANY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF NEBRASKA.

No. 264. Argued April 26, 27, 1888. — Decided May 14, 1888.

An application for fire insurance, warranted to be " a just, full and true exposition of all the facts and circumstances in regard to the condition, situation, value, ownership, title, incumbrances of all kinds, insurance and hazard of the property to be insured," contained these questions: " Is there a mortgage, deed of trust, lien, or incumbrance of any kind, on property? Amount, and in whose favor?" *Held*, that the questions related only to incumbrances created by the act or with the consent of the applicant, and that an omission to disclose an existing lien created by statute for unpaid taxes was no breach of the warranty.

THIS case was substantially like that of *Hosford* v. *Germania Ins. Co., ante,* except that no question arose as to smoking on the premises, that the policy itself contained no provision on the subject of incumbrances, and that so much of the application as related to that subject was in this form:

" 13. Incumbrance. — Is there a mortgage, trust deed, lien, or incumbrance of any kind, on property? Yes. Amount, and in whose favor? $3000; I. May. What is the entire value of property incumbered? $21,000."

"And the said applicant hereby covenants and agrees to and with said company that the foregoing and diagram annexed hereto is a just, full and true exposition of all the facts and circumstances in regard to the condition, situation, value, ownership, title, incumbrance of all kinds, insurance and hazard of the property to be insured; and the same is hereby made a condition of the insurance, a part of the contract, and a continuing warranty on the part of assured, for term of policy, or any renewal thereof of which this survey and application form a part."

*Mr. T. M. Marquett* and *Mr. Isham Reavis* for plaintiffs in error, cited *Baley* v. *Homestead Ins. Co.*, 80 N. Y. 21; Nebraska Comp. Stat. c. 77, §§ 70, 74, 138.

No counsel appeared for defendant in error.

MR. JUSTICE GRAY, after stating the case as above reported, delivered the opinion of the court.

In this case, I am instructed by the majority of the court to announce its opinion that the warranty concerning incumbrances includes only incumbrances created by the act or with the consent of the assured, and not those created by the law; and therefore the policy was not avoided by the omission to disclose the fact that "delinquent taxes" on the premises for previous years were due and unpaid, although by the statutes of Nebraska taxes are made a lien on the real estate taxed.

*Judgment reversed, and case remanded to the Circuit Court, with directions to render judgment for the plaintiffs upon the special verdict.*