Filed May 27, 1889.

———◆———

No. 13,561.

## THE PHENIX INSURANCE COMPANY, OF BROOKLYN, *v.* PICKEL.

INSURANCE.—*Occupancy of Property.*—Where a complaint upon a policy of insurance, covering a barn, farming implements, hay, grain, stock, etc., alleges that on a certain day the barn, and the other property covered by the policy and in the barn at the time, were destroyed by fire, it sufficiently appears that the building was occupied at the time of its destruction.

SAME.—*Complaint upon Policy.*—A complaint averring that the property insured was the plaintiff's property at the time the policy was issued, that it was on his premises when it was destroyed by fire, that the plaintiff was damaged to the value thereof, and that he had performed all the terms of the contract on his part, states a cause of action.

SAME.—*Burden of Proof.*—In an action upon a policy of insurance, the plaintiff need not aver the truth of statements contained in the application, nor the performance or non-performance of conditions subsequent, nor negative prohibited acts; but it is sufficient for him to show fulfilment of the conditions of recovery, and the burden is then upon the defendant to show a breach of warranties.

The Phenix Insurance Company, of Brooklyn, *v.* Pickel.

SAME.—*Divisibility of Policy.*—Where a policy of insurance covers several items of property, and the property is so situated that the risk on one item can not be affected without affecting the risk on the other items, such policy is entire and indivisible; but if the property is so situated that the risk on each item is separate and distinct, the policy is several and divisible.

SAME.—*False Representations.*—*Divisible Risk.*—Where a policy covers a barn and its contents, and a dwelling and its contents, it is several and divisible as regards the barn and house, and false representations as to the condition of the house will not avoid the policy as to the barn and its contents.

SAME.—*Condition Against Encumbrances.*—A provision in a policy, that "if the property shall hereafter become mortgaged or encumbered, this policy shall be null and void," relates to liens voluntarily placed upon the property by the insured, and does not apply to judgments or other liens created by law.

SAME.—*Overvaluation.*—A policy of insurance will not be avoided on account of a breach of warranty as to the value of the property involved, unless the breach is a substantial one.

INSTRUCTIONS TO JURY.—*Burden of Proof.*—Where the defendant has withdrawn the answer of general denial, an instruction that the plaintiff is entitled to recover, unless the defendant has proved an affirmative defence by a preponderance of the evidence, is right.

From the Knox Circuit Court.

*J. McCabe* and *E. F. McCabe,* for appellant.

*W. A. Cullop, G. W. Shaw* and *C. B. Kessinger,* for appellee.

COFFEY, J.—This was an action by the appellant against the appellee, brought in the Knox Circuit Court, to review a judgment. The court sustained a demurrer to the complaint, and the appellant assigns for error this ruling of the circuit court. A complete transcript of the judgment sought to be reviewed is filed with the complaint, and it is alleged that said judgment is erroneous in the following particulars, viz. :

1st. That the court erred in sustaining the demurrer of the then plaintiff to the second paragraph of the answer of the defendant.

2d. That the court erred in sustaining the demurrer of

the then plaintiff to the third paragraph of the answer of the then defendant.

3d. That the court erred in sustaining the demurrer of the then plaintiff to the seventh paragraph of the answer of the then defendant.

4th. That said court erred in awarding the open and close of the case to the then plaintiff.

5th. Error in overruling the motion for a new trial.

9th. Error of the court in overruling the motion in arrest of judgment.

12th. Error of the court in not sustaining the demurrer filed to the answers back to the complaint.

It is urged by the appellant, under the ninth and twelfth assignments of error, that the complaint in the original cause was bad.

The action was prosecuted on a policy of insurance issued by the appellant to the appellee, whereby the appellee was insured against loss or damage by fire on the property described in the policy. There was no demurrer to the complaint, and the question of its sufficiency is sought to be raised in this action for a review of the judgment based thereon.

It is contended by the appellant that to make the complaint good the appellee should have averred that the property, during the existence of the policy, never became vacant, and that it was occupied at the time it was destroyed by fire; that the appellee had an insurable interest; that the warranties contained in the application for the policy were true; and that the property had not been used for any purpose prohibited by the policy.

The policy of insurance in this suit covers several separate buildings, a barn, farming implements, hay, grain, stock, etc., and it is averred in the complaint that on the 29th day of December, 1885, said barn, and the farming implements, hay, grain, stock, etc., covered by said policy, and in said barn at the time, were destroyed by fire, without the fault of

the assured. It thus sufficiently appears by the complaint that said building was occupied at the time of its destruction. It is also averred that the property insured was the appellee's property at the time said policy was issued; that it was on his premises, in said barn, at the time it was destroyed by fire, and that the appellee was damaged to the value thereof. It is also alleged in the complaint that the appellee performed all the terms of said contract of insurance on his part. We are, therefore, of the opinion that the complaint is sufficient to withstand the attack now made upon it, and that it states a cause of action against the appellant. *Home Ins. Co.* v. *Duke,* 75 Ind. 535; section 370, R. S. 1881; *Mason* v. *Seitz,* 36 Ind. 516; *Bertelson* v. *Bower,* 81 Ind. 512; *Ætna Ins. Co.* v. *Kittles,* 81 Ind. 96; *Board, etc.,* v. *Hammond,* 83 Ind. 453; *Lowry* v. *Megee,* 52 Ind. 107.

Where a policy of insurance contains conditions and warranties like those contained in this policy, it is sufficient for the plaintiff to show fulfilment of the conditions of recovery which are made such by the contract itself. The burden is then upon the defendant to set forth and prove the untruthfulness of the representations, if there are any such, upon which he relies. The plaintiff need not aver the truth of statements contained in the application, nor the performance or non-performance of conditions subsequent, nor negative prohibited acts. May Insurance, sections 183, 590; *Northwestern Mut. Life Ins. Co.* v. *Hazelett,* 105 Ind. 212.

It is next urged that the court erred in sustaining a demurrer to the second, third and seventh paragraphs of the answer of the appellant to the original complaint.

The second paragraph of the answer avers that the policy of insurance in suit was issued upon a written application of the plaintiff to the defendant therefor, a copy of which application is filed with this answer; that in said application the plaintiff stated that dwelling-house No. 1, embraced in said application and policy, was only twelve years old, which statement he warranted to be true in said application, whereas,

in truth and in fact, said dwelling No. 1 was then and there older than that, to wit, fifteen years old, whereby said plaintiff broke said warranty, and said policy became void.

The third paragraph alleges that the policy in suit was issued on the written application of the plaintiff; that in said application the plaintiff stated that dwelling No. 1 was in good condition, whereas, in truth and in fact, said house was in a very bad condition, there being openings in the walls so large that a cat could easily go in and out through such openings at pleasure; that the house was an old, dilapidated log hut, in bad fix generally, and thereby said warranty was and is broken, and said policy void.

The seventh paragraph of the answer averred that, after the execution of said policy, there was a judgment recovered against the plaintiff by Hebberd for $266.87 by the consideration of the Knox Circuit Court, which was duly recorded in the office of the clerk of said Knox Circuit Court, and the same became a lien upon said land whereon the property insured was situate, which is a breach of the covenant against encumbrances, and which makes the policy void by its own provisions.

The provisions of the policy of insurance, material to the inquiry here, are as follows:

"By this policy of Insurance, the Phenix Insurance Company, of Brooklyn, New York, in consideration of —— dollars cash, and the payment at maturity of thirty-one dollars for which the insured hereinafter named has executed a certain promissory note or obligation of even date herewith, and payable on the 1st day of December, 1885, *does insure* Pleasant Pickel, Esq., against loss or damage by fire or lightning to the amount of nineteen hundred dollars, as follows:

"$300 on one-story, board roof, log and frame building, occupied by assured as a dwelling.

"$100 on household furniture, etc.

The Phenix Insurance Company, of Brooklyn, v. Pickel. ·

"$100 on one-story, board roof, log dwelling, occupied by tenant.

"$300 on shingle roof, log and frame barn.

"$50 on hay in barn.

"$400 on reapers, mowers, etc.

"$200 on grain in graneries or barn, etc.

"$200 on horses, mules, etc.

"$50 on hay in stack, etc.

"$200 on board roof, frame smoke-house, etc."

Now, if this is to be construed as a joint and entire insurance of the different articles above enumerated, then the court erred in sustaining the demurrer to the second and third paragraphs of the answer; but if it is to be regarded as several insurance of said items, then the court did not err, for it will be observed that there is no averment in these answers that there was any breach of warranty as to the barn or other property destroyed by fire. Upon this subject there is much confusion and conflict in the authorities, many of them, of great respectability, holding that such a policy is to be construed and applied as a joint insurance of the whole property named, while many more, of equal weight and respectability, hold that such a policy is to be construed as a several insurance of the different items named. Of the former class will be found: *Ætna Ins. Co.* v. *Resh,* 44 Mich. 55; *McGowan* v. *People's M. F. Ins. Co.,* 54 Vt. 211; *Gottsman* v. *Pennsylvania Ins. Co.,* 56 Pa. St. 210; *Schumitsch* v. *American Ins. Co.,* 48 Wis. 26; *Hinman* v. *Hartford F. Ins. Co.,* 36 Wis. 159; *Bowman* v. *Franklin F. Ins. Co.,* 40 Md. 620; *Lovejoy* v. *Augusta M. F. Ins. Co.,* 45 Me. 472, and many others which might be cited; while of the latter class are: *Merrill* v. *Agricultural Ins. Co.,* 73 N. Y. 452; *Trench* v. *Chenango Co. M. Ins. Co.,* 7 Hill, 122; *Koontz* v. *Hannibal, etc., Ins. Co.,* 42 Mo. 126; *Loehner* v. *Home M. Ins. Co.,* 17 Mo. 247; *Commercial Ins. Co.* v. *Spankneble,* 52 Ill. 53; *Hartford F. Ins. Co.* v. *Walsh,* 54 Ill. 164.

In the case of *Havens* v. *Home Ins. Co.*, 111 Ind. 90, these conflicting authorities were carefully considered, and it was there held that where the contract of insurance is entire and indivisible, as it was in that case, a breach of one of the conditions in the policy affects the entire insurance. But the question of the effect of the breach of one of the conditions of the policy, where it was several and divisible, was left undecided. We think the true rule to be deduced from the authorities above cited is, that where the property is so situated that the risk on one item can not be affected without affecting the risk on the other items, the policy should be regarded as entire and indivisible ; but where the property is so situated that the risk on each item is separate and distinct from the others, so that what affects the risk on one item does not affect the risk on the others, the policy should be regarded as several and divisible.

In this case we are unable to see how the risk on the house named in the second and third paragraphs of the answer could affect the risk on the barn or the personal property for the destruction of which the suit was prosecuted. The risks on the different items of property named in this policy are, many of them, separate and distinct. It is true that the risk on the household goods, in the house, would be affected by whatever would affect the risk on the house ; so, the risk on the grain in the barn would be affected by whatever would affect the risk on the barn, but we think it impossible to conceive of how the risk on the barn could affect the risk on the house, or *vice versa.*

In our opinion the policy in suit, so far as it secured the appellee against loss in the destruction of the barn and the property contained therein, and the two houses and the household goods therein, is to be regarded as a several and divisible policy of insurance, and that the court did not err in sustaining the demurrer to the second and third paragraphs of the answer.

It is settled in this State, that if a party, in order to procure insurance, warrants that his property is free from encumbrances, when in truth and in fact it is not in that condition, such false warranty will avoid the policy. *Leonard* v. *American Ins. Co.*, 97 Ind. 299. But in the seventh paragraph of the answer now under consideration, it is averred that a judgment was recovered after the policy was executed, which became an encumbrance on the property. The condition in the policy is, that, " If the property shall hereafter become mortgaged or encumbered, * * * this policy shall be null and void."

It is evident that the parties did not, by the use of this language, intend to include every encumbrance that might attach to the property. This court judicially knows that a lien for taxes attaches to all property on the first day of April of each year, and that such lien constitutes an encumbrance on the property, and yet we apprehend it would not be seriously contended that such lien would avoid the policy in suit.

The answer is very indefinite and uncertain. It does not aver that the judgment therein named was in force at the time the loss occurred; whether it was voluntarily incurred, or whether it was set aside by the court, or instantly paid by the assured, or still remains unpaid. If rendered against the assured without his consent and paid at once, there would not be much justice in the contention that the policy in suit was thereby rendered void.

The defendant is claiming a forfeiture on account of a lien not voluntarily placed upon the property by the assured, but one created by law. When a clause in a contract is susceptible of two constructions, one of which will support and the other defeat the principal obligation, the former will be preferred. Forfeitures are not favored in law, and the party claiming a forfeiture will not be permitted, upon equivocal or doubtful clauses or words contained in his own contract, to deprive the other party of the benefit of the right or

indemnity for which he contracted. In the case of *Baley* v. *Homestead F. Ins. Co.*, 80 N. Y. 21, it was held that language similar to that used in this policy had no reference to encumbrances created by judgment. In our opinion the word " encumbrance," used in this policy in connection with the word " mortgage," has no reference to such liens as may be created by law, but that it has reference to such liens only as the assured should voluntarily place upon it.

The answer, in our opinion, does not constitute a defence to the cause of action stated in the complaint.

It is also claimed that the court erred in instructing the jury that the plaintiff was entitled to recover unless the defendant had proven at least one of its defences by a preponderance of the evidence. This instruction was correct. The defendant had withdrawn the general denial, and, as the issues in the cause then stood, the plaintiff was entitled to a judgment for some amount, unless the defendant defeated his right by the establishment of at least one of its defences set up in the affirmative answers. We do not think the instruction is susceptible of the construction which appellant seeks to place upon it.

Other objections are urged to the instructions given by the court, but when construed as a whole we think they fairly stated the law, as applicable to the case made by the evidence. If there was any matter in which the appellant deemed them not sufficiently specific it should have asked to have the defect supplied.

It is also claimed that the evidence in the cause conclusively proved that the barn and other property covered by the policy of insurance were of less value than warranted. Questions of value must, from their nature, when not applied to articles having a fixed market value, be to a great extent matters of mere opinion. When the appellant executed the policy in suit it must have known this fact, and must be held to have contracted with reference to it. It is true that there might be such a disparity between the actual value of the

property and that given by the party seeking insurance as to indicate an intention to mislead, but this is not such a case. The value of the barn in controversy is greatly in excess of the amount for which it was insured. It is settled, in this State, that to avoid a policy of insurance on account of the breach of a warranty, there must be a substantial breach. *Cox* v. *Ætna Ins. Co.*, 29 Ind. 586.

This is an open policy, and the appellee could, in no event, recover more than the actual value of the property at the time of its destruction.

We find no error in the judgment sought to be reviewed for which it should be reversed. It follows that the Knox Circuit Court did not err in sustaining the demurrer to the complaint in this cause.

Judgment affirmed.

