GAS WORKS CONST. CO. OF PHILADELPHIA, Limited, *v.* MONHEIMER *et al.*

(*Supreme Court, General Term, First Department.* . October 20, 1892.)

1. ABATEMENT AND REVIVAL—DEATH OF ONE DEFENDANT—LACHES.
   A delay of 3½ years to move to revive an action against an administrator, during which time decedent and three other material witnesses died, is not a ground to deny the motion, where it does not appear that their testimony alone could be availed of to establish the facts as to which they were able to testify.

2. SAME—SEVERANCE OF ACTION.
   Code Civil Proc. § 758, which provides that where the liability of an estate of a deceased defendant is several, as well as joint with other defendants, the court "may order a severance of the action, so that it may proceed separately against the representatives of decedent, and against the surviving defendant or defendants," is not mandatory; and in an action to set aside certain transfers of a patent, to which the deceased defendant was a party, where it appeared that all of the parties defendant should be before the court in one action, a continuance of the action against the adminstratrix of such deceased defendant is proper.

Appeal from special term, New York county.

Action by the Gas Works Construction Company of Philadelphia, Limited, against the Standard Gaslight Company of the City of New York, Joseph A. Monheimer, and others, to set aside various assignments of one half of the territorial right to use certain inventions and patents in gas-making machinery in the city of New York, as fraudulent and void against plaintiff, and for an accounting of the profits received by defendants by reason of such assignments.    From an order granting plaintiff's motion to continue the action against Emma V. Monheimer, executrix of defendant Monheimer, deceased, the executrix appeals.    Affirmed.

For decision on appeal by defendants from granting plaintiff's motion for a bill of particulars, see 1 N. Y. Supp. 265.

Argued before VAN BRUNT, P. J., and O'BRIEN and PATTERSON, JJ.

*Gratz Nathan,* for appellant.    *Delancey Nicoll,* for respondent.

PATTERSON, J.    It was not claimed by the appellant in argument nor in the brief submitted that the cause of action did not survive the death of Joseph A. Monheimer; nor that it is at the present time barred by the statute of limitations.    It will be necessary for us, therefore, to consider only the subject of the alleged laches of the plaintiff in moving to revive the suit against the executrix of Monheimer, and the refusal of the court at special term to direct a severance of the action as part of the order granting the motion to revive, which is the order now before us on this appeal.    The notice of motion is without date, but it is based on an affidavit, the jurat of which is of the date December 1, 1891.    The action was commenced in or about the month of May, 1887, against the Standard Gaslight Company of the City of New York, Benjamin F. Sherman, Wallace C. Andrews, and Joseph A. Monheimer.    It was at issue as to all the defendants, and was on the special term calendar in June, 1888, and in that month the plaintiff made a special motion to have the cause set down for trial on a day certain in that term.    That motion was opposed and denied, and it seems that the case was not moved again for trial at the special term by either party.    Monheimer, a defendant, died in March, 1889; Sherman, another defendant, in October, 1890.    Two other persons, whose testimony the executrix claims was material and necessary in

the defense of the action, have also died since October, 1888, viz., Francis B. Spinola and Joseph P. Flannery. Facts and circumstances are set forth in the papers presented in opposition to the motion, which show that the testimony of the four persons named would have been material; but it is not clearly shown that their testimony alone could be availed of to establish the facts as to which they were able to depose. There is an undoubted power in the court to refuse to revive a suit, where by negligence of the moving party his adversary has been deprived of the benefit of evidence absolutely material and necessary to the cause, and without which he could not safely proceed to trial, (*Lyon* v. *Park*, 111 N. Y. 350, 18 N. E. Rep. 863; *Coit* v. *Campbell*, 82 N. Y. 517; *Evans* v. *Cleveland*, 72 N. Y. 489;) but it should be made to appear beyond controversy that such has been the consequence of the imputed neglect. That has not been done on the present motion, and furthermore we think the delay has been satisfactorily explained. That it was not due to the disagreement between the plaintiff and its attorneys is shown by the fact that such disagreement was settled in February, 1889, but it was occasioned, in all probability, by the efforts and negotiations made for a settlement of the matters in controversy, which appear to have been continued long after the death of Monheimer, and until within a short time of that of Sherman. There is conflict and uncertainty as to some of the statements of the parties relating to the various steps and stages of those negotiations, but we think the plaintiff should not be deprived of the right to a trial on the merits of its claim; especially as it is not fully and clearly shown that the executrix of Monheimer is unable to prove the defense set up to that claim, in consequence of unexcused delay of the plaintiff. There is no adequate reason given for a severance of the action as to the Monheimer interest. The provision of the Code of Civil Procedure (section 758[1]) cited is not mandatory, and there was nothing presented to require the court below, in futherance of justice, or in the proper disposition of the cause, to exercise its discretion by ordering such a severance. On the contrary, as the complaint is framed and the issues made, from all that now appears, all parties to the transfers and assignments of the patents claimed by the plaintiff should be before the court in the one action.

Order appealed from affirmed, with costs and disbursements.

O'BRIEN, J., concurs.

VAN BRUNT, P. J. I do not think that it is necessary for the party moved against to show "beyond controversy" that by the laches of the moving party he has lost evidence, or that he must freely and clearly show that he is deprived of a defense by the loss of such evidence, in order to entitle a party to a denial of a motion of revivor. I think if it appears that a party has lost evidence which appears to be necessary and material, after a long delay, an action should not be revived. In the case at bar, however, even this rule had not been complied with, and I concur in result.

---

[1] Section 758 provides that "the estate of a person or party jointly liable upon contract with others shall not be discharged by his death, and that the court may take an order to bring in the proper representative of the decedent when it is necessary so to do for the proper disposition of the matter, and, where the liability is several as well as joint, may order a severance of the action, so that it may proceed separately against the representative of the decedent and against the surviving defendant or defendants."