CATHERINE LODGE v. THE CAPITAL INSURANCE COMPANY, Appellant.

2 **Insurance:** CONSTRUCTION OF POLICY. A policy conditioned to become void "if incumbrance be placed" on the property insured, is not avoided by a judgment rendered against the insured. *Hicks v. Ins. Co.*, 71 Iowa, 119, 32 N. W. Rep. 201, distinguished.

3 SAME. Having thus provided against incumbrancing, the insurer can not urge that such judgment and a sale thereunder violate the "general increase of risk" clause in the policy.

4 **Same :** CHANGE OF TITLE OR POSSESSION CLAUSE. Where husband and wife are and remain in possession of insured premises, and, the same being sold on judgment against the wife, the husband, without her knowledge or consent, pays sufficient to redeem to the purchaser at the sale with the agreement that said purchaser shall take sheriff's deed and reconvey to the husband, and the property is burned after the taking of the sheriff's deed but before conveyance to the husband, the policy is not avoided for "a change in title, ownership, or possession."

5 RES ADJUDICATA. The insured may take issue on whether the premises were a saloon though she has been adjudged guilty of maintaining one there, and a verdict finding that she did not, will stand.

*Appeal from Johnson District Court.*—HON. S. H. FAIRALL, Judge.

THURSDAY, MAY 17, 1894.

ACTION upon a policy of insurance against loss by fire. Trial by jury. Verdict and judgment for the plaintiff, and defendant appeals.—*Affirmed.*

*Read & Read* for appellant.

*Ira J. Alder* and *Baker & Ball* for appellee.

ROTHROCK, J.—I.   The policy of insurance upon
which the action is founded was executed on the twen-
ty-fourth day of February, 1887; and the property
insured thereby was a dwelling house and barn, and
certain goods and chattels kept and used in the insured
buildings.   The insurance on the dwelling house was
five hundred dollars; on the household furniture there-
in, two hundred dollars; and on the barn, one hundred
and fifty dollars; and on horses and harness kept there-
in, one hundred and fifty dollars.   The insurance was
for five years, and the premium therefor was fully
paid.   The house and barn, and the personal property
in the house, were totally destroyed by fire on the twelfth
day of December, 1890.   Proper proofs of loss were
made, and payments demanded and refused, and this
action was brought to recover for the loss.   We will not
set out the answer in detail, and it would serve no use-
ful purpose to set out and discuss some of the objec-
tions and alleged errors argued by appellant's counsel.
They are exceedingly technical, and made, no doubt,
out of what is sometimes called "abundant caution."
They include the claim that the verdict was excessive;
that the plaintiff was permitted, as a witness, to testify to
the value of the household goods, without a showing that
she was a competent witness to testify to the value of
property of that kind; that the plaintiff ought not to
recover because the policy provides that "fraud, false
swearing, misrepresentation, or any concealment of, or
omission to make known, a material fact, on the part
of the assured, whether in applying for their insurance,
or in the proofs of loss, or otherwise, shall render this

policy, and any renewal thereof, void." There are no facts in the record which we think sustain any such claim. The jury was warranted from the evidence in finding that this clause in the policy was not violated by the plaintiff.

II. We will now proceed to consider what appear to us to be the material questions in the case: The policy provides that it shall be void "if incumbrance be placed thereon." It is claimed that after the policy was issued the property became incumbered by the lien of a judgment against the assured. The question presented is whether a judgment is an incumbrance, within the meaning of the above clause in the policy. Appellant claims that this is not an open question in this state, and cites the case of *Hicks v. Insurance Co.*, 71 Iowa, 119, 32 N. W. Rep. 201. That case was determined upon a demurrer to the answer which set up a clause that the policy should be void "if the property, or any part thereof, be hereafter, in any manner whatever, incumbered," and that it became incumbered by a mortgage, and a judgment against the plaintiff. It was held that this avoided the policy. The opinion is quite brief, and the lien of the mortgage and the judgment were considered together. There was no separate consideration upon the effect of a judgment lien. It may be that, if that question had been presented alone, it would have been held that the policy was avoided by the lien. The language "in any way incumbered," is very broad. We think that the clause in the policy in the case at bar is more restricted. It provides that the policy shall be void if "incumbrance be placed thereon." This implies some affirmative act of the assured, such as the execution of a mortgage or other lien, and not such a lien as may be cast upon the property by operation of law. Placing a lien upon property by the owner is altogether different from a lien being established against his consent. Courts are not disposed to construe these restrictions and limita-

tions in insurance policies more liberally than is required from the language used, and thereby defeat what otherwise appear to be honest claims for indemnity against loss. As is usual in the law of insurance, there are adjudged cases to be found on both sides of the question as to whether a judgment is a lien, within the meaning of clauses somewhat similar to the one in the case at bar. That a judgment is not a lien in such a case, see *Bailey v. Insurance Co.*, 80 N. Y. 21; *Green v. Same*, 82 N. Y. 517; *Hosford v. Insurance Co.*, 127 U. S. 404, 8 Sup. Ct. 1199. Our conclusion is that, if it is desired to make the policy void by incumbrances which are not placed on the property by the act of the parties, it should, in terms, be so provided in the contract.

III. It appears that an execution was issued on the judgment, and the property was levied upon and sold; and it is urged that the risk of loss was thereby increased, and the policy became void because of a provision in the contract that the same should be void if the risk be increased by any means within the control and knowledge of the assured. We have said that the judgment was not such an incumbrance as avoided the policy. The defendant, by the clause as to incumbrances, having provided against them, ought not, in fairness, to be allowed to invoke the general increase of risk clause to apply to a judgment incumbrance, or to a levy and sale thereunder.

IV. The policy further provides that "if any change takes place in the title, ownership, or possession, the policy shall be void, unless consent thereto is indorsed in writing on the policy by the company." The judgment referred to herein was rendered for costs and attorney's fees in an action for an injunction, in which it was charged that the plaintiff kept and maintained a liquor nuisance in the insured dwelling house.

An execution was issued on the judgment, and the property was sold. Before the expiration of the period of redemption, the purchaser was paid the full amount necessary to redeem, by the husband of the plaintiff, with an agreement that the purchaser should take a sheriff's deed when the time for redemption expired, and then convey the property to the plaintiff's husband. The purchaser took a sheriff's deed, but had made no conveyance when the fire which destroyed the property occurred. It is claimed that the title was in the purchaser at the sheriff's sale, and that the policy was, therefore, void. It is apparent that there was no substantial violation of this part of the policy. It does not appear that the plaintiff consented that the purchaser at the sheriff's sale should convey her property to another. The payment of the full amount due to the purchaser operated as a redemption, and the defendant ought not to be allowed to take advantage of a mere apparent change of title, which does not affect any right. The plaintiff herein was in undisturbed possession of the property when the loss occurred, and the purchaser at sheriff's sale makes no claim thereto.

V.   It is urged that the policy is void because the house was not used solely as a dwelling, but that part of it was used for carrying on a liquor saloon. The plaintiff denied that she kept and maintained a saloon on the premises. She had a right to make this denial. As between the plaintiff and the defendant, that was an open question. Evidence was introduced, and there is a fair conflict as to the fact. We are not authorized to interfere with the verdict on this ground. We think it is sustained.

There is no other question in the case which we think it necessary to discuss. The judgment of the district court is AFFIRMED.