THE PHENIX INSURANCE COMPANY, OF BROOKLYN, NEW YORK, v. MARION SMITH.

### No. 358. (61 Pac. 501.)

FIRE INSURANCE—*Encumbrances—Forfeiture.* A policy of insurance provided that ". . . upon the commencement of foreclosure proceedings against; . . . or the existence of a mechanic's or judgment lien upon; . . . without written notice to and the consent of the company indorsed hereon, this policy shall in each and every instance be void." The policy also contained a provision to the effect that "should the property be sold or encumbered or otherwise disposed of, written notice should be given to the company of such sale, encumbrance, or disposal, and its assent thereto indorsed thereon," otherwise the insurance on such property should immediately terminate. *Held,* that the policy was not forfeited by the recovery of a judgment *in invitum* against the insured during the life of the policy and prior to the destruction of the property insured, and that the provision against encumbrances is construed to mean voluntary encumbrances only.

Insurance Co. v. Smith.

Error from Marion district court; O. L. MOORE, judge.   Opinion filed June 19, 1900.   Affirmed.

*Jackson & Jackson*, for plaintiff in error.

*King & Kelley*, and *S. Burkholder*, for defendant in error.

The opinion of the court wás delivered by

SCHOONOVER, J.: This was an action upon a policy of insurance which contained among others the following provisions :

"1. . . . If the property be sold or transferred in whole or in part, or upon the commencement of foreclosure proceedings against; or a sale under a deed of trust; or the existence of a mechanic's or judgment lien upon; or the issue or levy of an execution against any of the property herein described; . -. . without written notice to and consent of the company indorsed hereon, this policy shall in each and every instance be void."

"4. If the interest of the assured in the property be other than unconditional, exclusive ownership ; and, if it be real property, if it be other than an absolutely fee-simple title, or if any other person or persons have any interest whatever in the property described, whether it be real or personal property, or if the building insured or containing the property insured by this policy stands on leased ground, or if there be a mortgage or other encumbrance thereon, building or contents or any part thereof, whether inquired about or not, it must be so notified to the company and be so expressed in the written part of the policy, otherwise the policy shall be void.   When the property insured (or if it be a building or machinery therein, the land upon which it stands) shall be sold or encumbered, or otherwise disposed of, written notice shall be given to the company of such sale or encumbrance or disposal, and its assent thereto indorsed thereon, otherwise this

insurance on said property shall immediately terminate."

The insurance company admitted the making of the policy and the destruction by fire of the insured property, but denied that the policy was in force at the time the property was destroyed. The record shows that prior to the fire a judgment had been rendered against the insured in the United States circuit court for the district of Kansas, and it is contended by plaintiff in error that such judgment rendered the policy void, because of the provisions of the policy above set out. The provisions in question provide for a forfeiture, and must, therefore, be strictly construed, and in case of indefiniteness or ambiguity every doubt must be resolved in favor of the insured. (*Dover Glass Wks. Co. v. Amer. Fire Ins. Co.*, 1 Marv. [Del.] 32, 29 Atl. 1039 ; 1 Wood, Fire Ins. § 60.)

The record shows, also, that the judgment was procured *in invitum*, and it is urged by counsel for defendant in error that the provisions in question relate only to voluntary acts of the insured. An insurance company has a right to impose terms and conditions under which it will issue its policies, and if such terms are not illegal or contrary to public policy, and are expressed clearly and definitely, so as to be easily comprehended by a person of ordinary understanding, there is, in principle, no reason why they should not be upheld ; but such provisions must be clothed in language so plain and clear that the insured cannot be mistaken or misled as to the burdens and duties thereby imposed upon him. The insurer, being the party who draws the contract, must see to it that all conditions are plain, easily understood, and free from ambiguity. We see no reason why a provision that a policy should be rendered void by a judgment recov-

ered *in invitum* should not be upheld, provided such provision was so clearly expressed that no other construction could be placed upon it.

Keeping in view the principles above set out, let us examine the provisions in question.  The only part of paragraph 1 that has any bearing upon the case, is embraced in the following language :

"  .  .  .  or upon the commencement of foreclosure proceedings against ;  .  .  .  or the existence of a mechanic's lien upon ;  .  .  .  without written notice to and the consent of the company indorsed hereon, this policy shall in each and every instance be void."

This language we take to be tantamount to a provision that before the commencement of the foreclosure proceedings, or before the attaching of a judgment lien, notice must be given to the company and its consen obtained ; otherwise the policy shall be void.  Thus construed, the policy is brought within the rule as laid down in the cases of *Dover Glass Wks. Co. v. Amer. Fire Ins. Co.*, supra, and *Gerling v. Insurance Co.*, 39 W. Va. 689, 20 S. E. 691, in which it was held that similar provisions had reference only to judgments confessed and other voluntary encumbrances.

An examination of paragraph 4 shows that, with the exception of the last sentence, it has reference to the condition of the title of and encumbrances upon the property at the time the policy is issued.  That part of the paragraph that has any application to this case is as follows :

"When the property insured  .  .  .  shall be sold or encumbered or otherwise disposed of, written notice shall be given to the company of such sale, encumbrance or disposal, and its assent thereto indorsed thereon, otherwise this insurance on said property shall immediately terminate."

When we consider the relation in which the word "encumbered" is used, it seems reasonable to conclude that it has reference to voluntary encumbrances only. Certainly the insured would be warranted in placing such a construction upon the word.

We have examined many authorities, and find that the courts have almost uniformly held that the word "encumbered," as used in provisions similar to those under consideration, meant voluntary encumbrances. See *Hosford v. Hartford Fire Ins. Co.*, 127 U. S. 404, 8 Sup. Ct. 1202, 32 L. Ed. 198 ; *The Phenix Insurance Company, of Brooklyn, v. Pickel*, 119 Ind. 155, 21 N. E. 546, and cases there cited.

Under this construction, the policy would not be forfeited by the lien of a judgment procured *in invitum*, and the judgment of the distict court will therefore be affirmed.