## FOUTS ET AL. v. MILLIKAN.

[No. 4,268.    Filed January 14, 1903.]

DEED.—*Conditions.*—*Breach.*—*Forfeiture.*—A deed conveying certain described real estate contained the condition that the grantee "shall not mortgage, encumber, or convey all or any part" of the land within twenty years, and if the grantee should "mortgage, encumber, or convey the real estate within said time, the same shall be forfeited." The grantee mortgaged a portion of the land. *Held*, that the forfeiture was limited to the part of the land encumbered. *pp. 301-304.*

SAME.—*Condition.*—*Forfeiture.*—*Tax Lien.*—A condition in a deed that a mortgage or other encumbrance by grantee shall work a forfeiture of the estate is limited to encumbrances voluntarily placed on the land by the grantee, and does not include a lien for taxes. *p. 301.*

From Tippecanoe Circuit Court; *W. C. L. Taylor*, Judge.

Suit by Letta E. Fouts and others, by Thomas Everett, guardian, against Frank M. Millikan and others. From a judgment for Millikan, plaintiffs appeal. *Affirmed*.

*Thomas Everett*, *F. B. Everett* and *C. M. Bright*, for appellants.

*J. C. Blacklidge*, *C. C. Shirley* and *Conrad Wolf*, for appellee.

ROBINSON, J.—Thomas Everett, as guardian of Robert E., Lizzie G., and Letta E. Fouts, sued to partition certain lands, making appellee and others defendants. Appellee Millikan, who held tax deeds to the land, filed a cross-complaint against the plaintiffs and his codefendants, asking to have his title quieted. A demurrer having been sus-

tained to the complaint, a trial was had upon the cross-complaint. The court found the facts specially, and stated conclusions of law that Millikan was entitled to have and hold a lien for taxes paid by him upon the land.

In 1883 one Robert Deardorff conveyed to his daughter Mary A. Fouts,—the consideration being natural love and affection,—the following lands: The southeast quarter of section eleven, township twenty-four north, range five west; also ten acres off of the north end of the west half of the southwest quarter of section twelve in the same township and range; also the northeast quarter of the southwest quarter of section seven, township twenty-four north, range four west; also fifty-five acres off of the north end of the west half of the southeast quarter of the same section. The deed recites: "It is made an express condition of this conveyance that the said grantee shall not mortgage, encumber, or convey all or any part of said real estate within a period of twenty years from this date; and if said grantee does mortgage, encumber, or convey such real estate within said time, then the same shall be forfeited, and shall go in fee simple to her children now living. By accepting this deed said grantee agrees to the above conditions." After Mary A. Fouts had taken possession, all the above land was sold on executions issued on judgments against her and her husband; but before the year for redemption expired, and before any deed was taken on the sale, the land was redeemed. In May, 1884, Mary A. Fouts and her husband executed a mortgage intending to convey all the land, but the mortgage conveyed only the northeast quarter of the southwest quarter of section seven, township twenty-four, range four west. The mortgage was without consideration, and was given for the purpose of preventing being pressed on a certain judgment. Afterwards, in 1885 and 1887, appellee purchased the several tracts of land at sales for delinquent taxes, upon which deeds were afterwards duly issued. The children of Mary A. Fouts living when the deed to her was executed

in 1883 were Irva M. Fouts, aged seven years; Robert E. Fouts, aged five; Letta E. Fouts, aged three; and Lizzie G. Fouts, less than one year.

The questions argued depend upon the construction to be given the clause in the deed from Deardorff to Mary A. Fouts, and whether the sale of the land on the executions, and its sale for delinquent taxes terminated the title of Mary A. Fouts under the deed from Deardorff, and vested the title to the lands in her children, and whether the mortgage in 1884 terminated her title to any of the land except that described in the mortgage. If the title of Mary A. Fouts to the lands not embraced in the mortgage had been devested when the tax sales occurred, appellants, who were minors, might redeem under §§8610, 8611 Burns 1894; but if the title had not been devested the holder of the tax deeds might enforce a lien under §§8640, 8641 Burns 1894.

Appellee insists that the clause in the deed is void because it is in conflict with §3382 Burns 1901, concerning restraints upon the alienation of lands, and that upon the authority of *Fowler* v. *Duhme*, 143 Ind. 248, the condition relative to a forfeiture is void.

In *Fowler* v. *Duhme, supra,* the particular clause construed contained no provision as to where the fee or estate should go in case of a forfeiture. In the case at bar the clause provides that in case of forfeiture the fee shall go to the children of Mary A. Fouts. If this provision does not distinguish the case at bar from *Fowler* v. *Duhme, supra,* the clause in question must be held void. Here, as in that case, the restriction, which is in point of time alone, does not depend upon the duration of a life or lives in being at the time the estate granted was created. But from the conclusion we have reached upon the other questions argued it is unnecessary to enter upon a discussion of the validity or invalidity of the clause. No cross-errors have been assigned, and if any error was committed by the trial court in holding the clause valid, it was against the appellee. So

that for the purposes of this case it may be conceded, but not decided, that the clause is valid.

The trial court correctly held that by the execution of the mortgage the land described in it became subject to the forfeiture clause in the deed; but it is argued that the forfeiture should apply, not only to the tract described in the mortgage, but to all the land conveyed by the deed. The language is that the grantee "shall not mortgage, encumber, or convey, all or any part" of the land, and if she does "mortgage, encumber, or convey such real estate within said time, the same shall be forfeited," and go in fee.simple to her children then living. Applying the well settled rule that a construction of the language used that will work a forfeiture must be rejected, as not within the intention of the parties, if the language is susceptible of a construction that will prevent a forfeiture, we can not extend the effect of mortgaging a part of the land to all the land conveyed by the Deardorff deed. When the clause is construed as a whole, it must be held to mean that the extent of the forfeiture shall be limited to such land as is mortgaged, encumbered, or conveyed. See *Jackson* v. *Silvernail,* 15 Johns. 278; *Jackson* v. *Harrison,* 17 Johns. 66.

We can not extend the language of the deed which directs that the *grantee* shall not mortgage, encumber, or convey the land, so that it will include a lien not voluntarily placed upon the property by the grantee. The lien for taxes created by law, and the procurement of a judgment against the grantee, followed by a sale of the land, are not encumbrances within the meaning of the deed. This doctrine has often been declared in insurance cases. See *Phenix Ins. Co.* v. *Pickel,* 119 Ind. 155, 12 Am. St. 393; *Bailey* v. *Homestead Fire Ins. Co.,* 80 N. Y. 21, 36 Am. Rep. 570; *Green* v. *Homestead Fire Ins. Co.,* 82 N. Y. 517; *Continental Ins. Co.* v. *Vanlue,* 126 Ind. 410, 10 L. R. A. 843; *Lodge* v. *Capital Ins. Co.,* 91 Iowa 103, 58 N. W. 1089; *Hosford* v.

*Hartford Fire Ins. Co.,* 127 U. S. 404, 32 L. Ed. 198, 8 Sup. Ct. 1202.

The question is upon the meaning of the term encumber,—whether by that term the clause in the deed was meant to have effect against encumbrances created by law, as it would have against encumbrances created by the act or with the consent of the grantee. We think the better reasoning supports the construction that the word encumbrance has no reference to such liens as may be created by law, but that it has reference only to such encumbrances as the grantee should voluntarily place upon the land. Should a grantee confess judgment or suffer a sale of the land upon a lien for the purpose of evading the condition, a different question would be presented. But as the grantor did not make it a part of the condition that the land should not pass by operation of law, which might have been plainly expressed, we can not say that the grantor intended anything more by the use of the word encumber than some voluntary act on the part of the grantee.

In *Pym* v. *Lockyer,* 12 Sim. 394, a testator directed that the dividends of a fund should be paid to a grandson for life, but if he "assigned" or "otherwise disposed of" the same, or any part thereof, they were to go over. Held, that the grandson being in prison, and charged in execution for debt, the creditor was entitled to an order vesting the dividends of the fund in the provisional assignee of the insolvent debtor's court.

In *Doe* v. *Bevan,* 3 Mau. & Sel. 353, a lessee covenanted not to "assign the indenture," "or assign, set, or underlet" the premises, or any part thereof, without the lessor's written consent, with a proviso that if the lessee should part with his or their interest, contrary to his covenant, the lessor might reënter; afterwards the lessee deposited the lease as a security for money, became bankrupt, and the lease was sold to pay the debt; it was held that the assignees under a commission of bankruptcy might assign the lease

to the vendee without the consent of the lessor.   See *Brandon* v. *Robinson,* 18 Ves. 429.

In *Crusoe* v. *Bugby,* 2 W. Bl. 766, it was held that a covenant not to " *'assign, transfer,* and *set over,'* * * * [or] *'otherwise do* or *put away'* " the lease or premises did not extend to an underlease for part of the term.   In *Hargrave* v. *King,* 5 Ired. Eq. 430, a condition in a lease for life or for years that the lessee was not to sell or transfer "this lease, under forfeiture of the same," did not prevent the lessee from making a sublease.

In *Doe* v. *Carter,* 8 T. R. 57, where a lessee covenanted not "to let, set, assign, transfer, make over, barter, exchange, or otherwise part" with the indenture or the lands demised, with a proviso that if he should "let, set, assign, transfer, or make over" the premises, the landlord might reënter, it was held that a warrant of attorney to confess judgment, on which the lease was taken in execution and sold, was not a forfeiture of the lease.   But if the warrant of attorney to confess judgment was for the express purpose of enabling the creditor to take the lease in execution, the landlord might recover the premises from a purchaser under the sheriff's sale.

Where property was given with a condition for forfeiture and a gift over in case of *alienation,* giving a power of attorney to confess judgment was not such alienation as worked a forfeiture, if not given for the purpose of evading the restraint.   *Avison* v. *Holmes,* 1 Johns. & Hem. 530.   In *Lear* v. *Leggett,* 1 Russ. & M. 690,  it was held that bankruptcy did not work a forfeiture of a bequest of stock in trust for one's life, and after his death to his children, with a proviso that the life interest should not be subject to any alienation or disposition by sale, mortgage, or otherwise, in any manner whatsoever, and in case he should charge, or affect to charge, affect, or encumber the same, his life interest should be forfeited, and the stock go to those

next entitled; the bankrupt's interest in such case passing to his assignees.

In *Rex* v. *Robinson*, Wightw. 386, 12 Rev. Rep. 739, a will directed the payment of an annuity to a son with a proviso that if the son should "sell, assign, transfer, or make over, demise, mortgage, charge, or otherwise attempt to alienate" the annuity or any part thereof, or should "make, do, and execute, or cause or procure to be made, done, and executed any act, deed, matter, or thing whatsoever to charge, alienate, or affect" the same, it should thereupon be suspended. It was held that the words used required a positive act to be done by the annuitant, and that the annuity was not forfeited by the outlawry of the annuitant.

Judgment affirmed.