THE HUMBOLDT FIRE INSURANCE COMPANY v. ASHBY.

[No. 8,408.   Filed January 21, 1915.]

1. APPEAL. — Questions Reviewable. — Assignment of Errors. — Waiver.—Error, if any, in the trial court's ruling on a demurrer is not available where such ruling is not assigned as error; and such an error, if assigned, is waived by appellant's failure to discuss same in the briefs.   p. 683.

2. APPEAL.—Questions Reviewable.—Errors Predicated on Erroneous View of Issues.—Where a paragraph of answer was held insufficient on demurrer, appellant's contentions in support of alleged errors grounded on an erroneous assumption that such demurrer had been overruled must fail.   p. 684.

3. INSURANCE.—Fire Insurance.—Defenses.—Exceptions in Policy. —Pleading.—Facts bringing an insurer within the exceptions to its liability on a fire policy providing for its invalidity if the interest of the insured be other than unconditional or sole ownership, or if additional insurance is procured without the company's consent, must be specially pleaded.   p. 686.

4. INSURANCE.—Fire Insurance.—Exceptions to Liability.—Additional Insurance.—Notice to Insurer.—Knowledge of other insurance coming to the agent of a company in the course of his employment as such is chargeable to the company, so that in an action on a fire policy the defense that plaintiff had procured other insurance in violation of a provision of the policy, was avoided by evidence establishing plaintiff's reply to the effect that application for insurance in a certain amount had been made to defendant's agents, and that such agents, without any request of plaintiff and without calling her attention to the terms of the policy, issued the policy of defendant for one-half the amount applied for, and at the same time issued the policy of another company, for whom they were also agents, for the other half.   p. 686.

5. APPEAL. — Questions Reviewable. — Objections to Evidence. — Briefs.—No question is presented on specifications of error in the admission and exclusion of evidence, where appellant has failed to make any reference to the transcript where a record of the court's action may be found, and has failed to set forth a sufficient abstract of the evidence or to discuss the alleged errors under points and authorities.   p. 688.

6. INSURANCE.—Action on Fire Policy.—Verdict.—Where plaintiff's property was insured under the policies of two different companies for $2,500 each, and the undisputed evidence showed a total loss of $4,500, a verdict for plaintiff for $2,250 on the policy issued by defendant was not excessive.   p. 689.

From Dekalb Circuit Court; *Frank M. Powers,* Judge.

Action by Leona Ashby against The Humboldt Fire Insurance Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Frank S. Roby, Ward H. Watson, Elias D. Salsbury, Dan M. Link* and *E. A. Atkinson,* for appellant.

*Elmer Leonard* and *Howard L. Townsend,* for appellee.

CALDWELL, P. J.—Appellant issued to appellee on February 10, 1909, a policy, by which certain household goods, musical instruments, etc., described in said policy, and situated in a residence building in Fort Wayne, were insured against loss by fire, to the amount of $2,500.

Appellee brought this action in the circuit court of Allen County, alleging in her complaint that a fire occurred on February 1, 1910, by which a large part of such property was destroyed, and another part damaged. She alleges her total loss to be $6,500, and prays a recovery for the full amount of the policy. The sufficiency of the complaint is not challenged. The cause was sent to the circuit court of Dekalb County, on change of venue, where the issues were made, and the trial had. There is some confusion in the transcript as originally filed in this court, respecting the ruling of the trial court on the demurrer to the second, third and fourth paragraphs of answer. Appellant has briefed the case on the theory that such demurrer was overruled to the third and fourth paragraphs, and sustained as to the second. However, a return to a writ of *certiorari,* issued from this court, makes it clear that such demurrer was sustained to the second and fourth paragraphs, and overruled only to the third. No error is assigned on the ruling on the demurrer to the fourth paragraph of answer, and the error assigned on such ruling as to the second paragraph is waived by not being discussed. Appellee filed a reply in three paragraphs to said third paragraph of answer. Appellant's demurrer to the second

and third paragraphs of reply was overruled. The errors assigned on such ruling are also waived by not being discussed in appellant's brief.

A trial by jury was had on the issues formed by the complaint, and the first and third paragraphs of answer thereto, and the three paragraphs of reply to the third paragraph of answer, resulting in a verdict in appellee's favor for $2,250, on which judgment was rendered. The questions properly presented and not waived arise under the motion for a new trial.

The fourth paragraph of answer to which a demurrer was sustained as aforesaid, was to the effect that appellee's title to the property described in the policy was in the nature of a conditional ownership, which fact was known to appellee, and by her concealed from appellant, and that the policy contained the following provision:

> "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if the interest of the insured be other than unconditional or sole ownership."

Appellant assuming that the demurrer had been overruled to such paragraph, and that it constituted a part of the pleadings, by which the issues were finally settled, argues that instruction No. 1 given at appellee's request was erroneous. The criticism of said instruction is based on the fact that by it the court informed the jury respecting the issues made by the pleadings, and that such instruction contains no reference to the fourth paragraph of answer, or to the issue formed by it and the complaint. As we have indicated, appellant's assumption is erroneous, and it follows that the criticism of the instruction is without merit. Appellant's second, third, fourth, fifth and eleventh points are based on the same erroneous assumption, as indicated above. The argument is to the effect that no reply was filed to said paragraph of answer; that the facts thereby pleaded, if true, are sufficient to defeat appellee's entire cause of action, in the

absence of a showing of waiver or estoppel, and that there was no reply that might serve as a basis for such showing. That the truth of the matter pleaded by the paragraph of answer was established by uncontradicted evidence, and hence appellant contends that the verdict of the jury is not sustained by the evidence, and is contrary to law. For reasons already given, it is apparent that appellant must fail in such contention. For a like reason, there was no error in refusing instruction No. 14, requested by appellant.

The third paragraph of answer, as far as material, is to the following effect: That after said policy was issued, appellee procured on the same property valid insurance from the Western Insurance Company of Pittsburgh, Pennsylvania, in the sum of $2,500, without appellant's consent in writing endorsed on the policy. This paragraph of answer is based on a provision in the policy set out in the paragraph as follows:

"This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not on the property covered in whole or in part by this policy."

As we have said, appellee filed to said paragraph of answer a reply in three paragraphs of which the first was a general denial. The second paragraph of reply is substantially as follows: That appellant's agents, who issued the policy in suit, issued to appellee at the same time the policy described in the paragraph of answer, and that appellee procured the two policies at one and the same time; that appellant knew of the issuing of both policies and consented thereto; that appellee's attention was not called to the provision of the policy in suit, and that she had no knowledge of such provision or that appellant considered it material; that each of the companies and their agents knew of the issuing of each of the policies, and that appellant's agents were also the agents of the other company, and as such issued such

other policy; that appellant accepted and retained and still retains the premium paid by appellee, and at no time prior to the fire loss, or prior to the commencement of this action, made objection that other insurance had been obtained; that appellee accepted such policy and paid the premium therefor, in full belief that the policy and insurance were valid; that appellant never sought to avoid the policy, and never paid back the premium, but has kept and retained the premium; that appellee did not make any written application for such insurance, and that she made no representations or promises that she would not procure other insurance; that appellant has thereby waived any defense based on the condition and its breach, and is estopped from asserting that there has been such breach.

The third paragraph of reply is to the effect that appellant, after the fire, with full knowledge of the facts pleaded by the third paragraph of answer, required appellee to and she did make out and deliver to appellant several successive and additional proofs of the loss, and that thereby appellant waived the right to make the defense pleaded by the paragraph of answer, and is estopped from relying on same.

In order that appellant might avail itself of the facts pleaded by the special paragraphs of answer, it was incumbent that appellant plead especially to that end.

3. *Mutual Trust, etc., Co.* v. *Travelers Protective Assn.* (1914), *ante* 329, 104 N. E. 880, 885; *Modern Woodmen* v. *Noyes* (1902), 158 Ind. 503, 64 N. E. 21.

4. Conceding for the purposes of discussion, but not deciding, that the third paragraph of answer contains facts sufficient to constitute a defense (see *Commercial Life Ins. Co.* v. *Shroyer* [1911], 176 Ind. 654, 95 N. E. 1004, Ann. Cas. 1914 A 968), it presents the question of whether appellee procured additional insurance in violation of the terms of the policy. Appellee, by her second paragraph of reply expressly and by her third paragraph impliedly, admits that

she did procure such additional insurance, but she alleges by the second paragraph, and the evidence clearly shows that the two policies were issued to her at one and the same time. Dismissing from consideration the third paragraph of reply, the second sets out facts, which if shown by the evidence to be true, are sufficient to avoid the effect of so procuring such additional insurance.

The policy so issued by the Western Insurance Company is involved in *Western Ins. Co.* v. *Ashby* (1913), 53 Ind. App. 518, 102 N. E. 45. On pages 521 and 522, the facts attending the procuring of such insurance, and the issuing of such policies are stated substantially as shown by the record in this appeal. It is, therefore, unnecessary that such facts be repeated here, except as we may do so for the purpose of supplementing them in the course of our discussion. It is not essential to our conclusion on this appeal that we determine under the facts shown by the record, whether Kehoe, the broker was appellant's agent. The first question of importance in our present discussion is whether appellant is chargeable with notice of the issuing and existence of said Western Insurance Company policy. It is plain that Walsh and Kierspe, who were appellant's agents, had such knowledge. The insurance proposition was presented to them by Kehoe as a lump application of $5,000. They represented four other companies besides appellant. They apparently determined that the insurance should be divided between two companies, and also apparently selected the companies and the amount assigned to each. At any event, they issued the insurance in two policies, under such circumstances as to characterize the transaction as one and the same. It would, therefore, be folly to argue that the agents, when they issued the policy in suit did not know, or that they did not have in mind the fact of the issuing of the other policy. "Notice of facts to an agent is constructive notice thereof to the principal himself, where it arises from, or is at the time connected with, the subject-matter of his

agency; for, upon general principles of public policy, it is presumed that the agent has communicated such facts to the principal; and if he has not, still the principal, having entrusted the agent with the particular business, the other party has a right to deem his acts and knowledge obligatory upon the principal." *Field* v. *Campbell* (1905), 164 Ind. 389, 396, 72 N. E. 260, 108 Am. St. 301. See, also, Story, Agency §140.

The agents here, in issuing the policy in suit, and in collecting the premium therefor, were transacting the business of the appellant as principal, and were acting within the scope of their agency, and consequently knowledge of the issuing of such other policy came to them in the course of their employment as agents of appellant. This is necessarily true, for the reason that the issuing of the two policies constituted but one transaction, and regardless of the fact that in the mere act of issuing such other policy they were the agents of the Western Insurance Company. From other facts, it also sufficiently appears that at the time of issuing the policy in suit, and collecting the premium therefor, such agents had in mind the fact of such other insurance. Under such circumstances, appellant is chargeable with knowledge of such other insurance. See *Foreman* v. *German Alliance Ins. Co.* (1905), 104 Va. 694, 52 S. E. 337, 113 Am. St. 1071, 3 L. R. A. (N. S.) 444, and note.

The other material facts pleaded by the second paragraph of reply, were established by the evidence, and it follows that regardless of the issue closed by the third paragraph of reply, this case must be affirmed in so far as concerns the basic questions presented. *Glens Falls Ins. Co.* v. *Michael* (1907), 167 Ind. 659, 74 N. E. 964, 79 N. E. 905, 8 L. R. A. (N. S.) 708.

5. In the motion for a new trial, there are fifty-eight specifications of error, as respects admitting and excluding offered testimony. The facts that the particular nature of appellee's title to said property is not pre-

sented by the issues, disposes of a number of such specifications. Moreover, in no instance is there a reference to the transcript where a record of the court's action in so admitting and excluding offered testimony may be found, and in some instances, the abstract of the evidence does not contain the substance of the alleged objectionable matter admitted. In addition, in appellant's brief, under "Points and Authorities", no point is directed specifically to any of such specifications, or to any group thereof. Under such circumstances, such specifications present nothing for our consideration.

The amount of the verdict is challenged. The policy provided that in case of additional insurance, appellant should be liable only for its proportional part of any loss 6. sustained. The court instructed the jury specifically to this effect. The verdict being for $2,250 is on a basis of $4,500 total loss. There was undisputed evidence tending to establish that the loss was at least equal to that sum. The verdict is, therefore, not excessive.

There is no error in the record, for which the judgment should be reversed. Judgment affirmed.

Note.—Reported in 108 N. E. 150. As to condition requiring notice of other insurance to be endorsed on policy, see 64 Am. Dec. 221. As to effect of insurance broker's knowledge as to other insurance, see 38 L. R. A. (N. S.) 638. As to effect of knowledge of agent acting in two capacities, see 3 L. R. A. (N. S.) 444.