No. 9317.

## RANDALL *v.* WHITE.

MORTGAGE.—*Reserved Right to Give a Second Mortgage Prior in Right to the First.—Mistakes in Description of Premises.—Reformation.*—When, by the terms of a mortgage, it is to be released in favor of any one who may take a second mortgage for a sum named and a third mortgage made

to the holder of the first, an attempt to accomplish such change of the securities will not be defeated by mistaken descriptions of the premises in the second and third mortgages; nor by subsequent conveyances and mortgages to parties not *bona fide* purchasers; nor by the failure of the holder of .the first mortgage to release it. In such a situation, equity treats as done what ought to have been done.

From the Bartholomew Circuit Court.

*S. Stansifer* and —— *Stansifer*, for appellant.

*N. R. Keyes*, for appellee.

WOODS, C. J.—Complaint to foreclose a mortgage made by Adriel S. Kingsley and wife to the appellee, bearing date April 12th, 1876, and containing, immediately after the description of the premises, a stipulation of the tenor following, to wit: " It is understood and agreed by the mortgagee that on request of the mortgagor, in case he sells the above property, the mortgagee will release this mortgage, provided the mortgagor will place it upon other property satisfactorily as secure, or the mortgagee will release this mortgage in favor of another mortgage that may be placed on the property for an amount not to exceed $1,500, provided the mortgagor execute a second mortgage to him in place of this, to secure the payment, when the same shall become due, of one promissory note of even date herewith," etc., describing a note for $800, to become due one year after date.

The appellant, Randall, who was made a defendant to the complaint, filed a cross complaint, wherein it is alleged in substance, that on the 20th day of October, 1876, Kingsley borrowed of him, Randall, the sum of $1,500, giving a promissory note therefor, and, to secure the payment of the same, executed and delivered to him a mortgage, wherein it was stipulated. that the same was to have priority over any other mortgage, and . especially over the mortgage of the appellee, which, together with the aforesaid stipulation therein, was expressly brought to the attention of the appellant; that, by the inadvertence of the scrivener and of the parties, there was a misdescription of the land intended to be mortgaged; that

on the same day, October 20th, 1876, said Kingsley and wife executed to the appellee a second mortgage to secure his said debt, but, by the same mistake, the land was misdescribed as in the mortgage to the appellant; and thereafter, before said mistakes were discovered, Kingsley and wife conveyed the land by a true description to Christian Showver and his wife, Emma, who afterwards, in order that said mistakes might be corrected, reconveyed to Kingsley, who, with his wife, on the 4th day of August, 1877, executed to the appellee another mortgage in lieu of and to correct the error in the first, and for no other purpose or consideration; that the appellee received and has ever since retained the second mortgage, but has not released or cancelled the first, and in this action is seeking to enforce and foreclose it as the first lien upon said lands. Wherefore, etc.

Copies of the mortgages referred to in the cross complaint are filed with and alleged to be a part of the pleading. Kingsley and wife and Showver and wife, together with the appellant, were made defendants to the complaint; and the same parties, with the appellee, were named as defendants in the cross complaint.

To this counter-claim the appellee filed nine paragraphs of answer. The appellant, having saved exceptions to the over-ruling of his separate demurrers to the second, fourth, fifth and eighth, filed a reply in four paragraphs, to which the court sustained demurrers, and gave judgment for the appellee, foreclosing his first mortgage and declaring it prior to any claim of the appellant. The question of the correctness of each of these rulings is presented for review.

The second, fifth and eighth paragraphs of answer are to the effect that after the execution of the mortgage to the appellee, to wit, on March 27th, 1877, Kingsley and wife conveyed the land to their daughter, Emma Showver, who held the title until the demand of the appellee was overdue, and he was about to foreclose, when, at the instance of her father, she reconveyed to him; that the appellant then held a mort-

gage for the sum of $1,800 on other property of Kingsley, which was a good and sufficient security; that, for the purpose of cheating the appellee, Kingsley, Showver and the appellant combined and confederated to the end that Kingsley should execute to the appellant a mortgage upon the land mortgaged to the appellee in *lieu* of the mortgage already held by the appellant on Kingsley's other property; and after this was done, and not before, did the said Kingsley tender to the appellee the mortgage mentioned in the cross complaint, which he refused to accept; and thereafter Kingsley reconveyed the land to Emma Showver, the purpose of the transaction being to give the appellant a fraudulent preference over the appellee, and to render the appellee's security worthless; that there was, in fact, no mistake, as alleged in the first mortgage, made to the appellant, and the pretence that the second mortgage was made to him for the purpose of correcting such mistake was false and fraudulent, made for the purpose of postponing and defeating the appellee's security.

The fourth paragraph is, in substance, that after the execution of the mortgage to the appellee, Kingsley and wife made a mortgage on the same land to Christian J. Showver, to secure the payment of $700, payable one day after date; and that when Kingsley tendered to the appellee the alleged second mortgage, the land was encumbered by the mortgage to Showver, which remained unsatisfied of record, as well as by the pretended mortgage to the appellant.

The first paragraph of the reply is addressed to all of the answer except the fourth paragraph, and, denying the alleged fraud and all inconsistent allegations, reiterates the averments of the cross complaint, and, in addition, alleges that the other property described (by mistake) in the first mortgage to the appellant was already encumbered by other prior liens to its full value.

The second, third and fourth paragraphs of the reply are addressed to the fourth paragraph of answer, and are to the effect following:

*Second.* That after the execution of the mortgage for $700, to Showver, Kingsley and wife sold and conveyed the mortgaged land to Showver and wife by a deed which was duly recorded, before the execution to the appellee of the second mortgage, containing a true description of the land.

*Third.* The same as the second, with the further averment that Showver and wife reconveyed the premises to Kingsley by deed, with full covenants of warranty, before the making of the second mortgage, with the true description, to the appellee.

*Fourth.* That before the execution of the second mortgage to the appellant, and before the making of the second mortgage, containing a true description, to the appellee, Kingsley had paid to Showver the full amount of the indebtedness secured by said mortgage to him, which amount had been received in full satisfaction of the mortgage, and the note evidencing the debt had been surrendered.

It stands admitted upon the pleadings, that on the 12th day of April, 1876, Kingsley made to the appellee, White, a mortgage, containing the aforesaid stipulation, to secure the payment, one year thereafter, of the sum of $800; that on the 17th day of the ensuing October, Kingsley, intending to avail himself of the privilege so reserved, borrowed of the appellant, Randall, who also knew of and intended to obtain the benefit of the stipulation, the sum of $1,500, giving him as security a mortgage intended to be upon the same land, but by mistake put upon other lands of Kingsley already encumbered to the extent of their value, and at the same time made to the appellee a second mortgage, which the appellee received, to secure his demand, this mortgage being supposed and intended to be upon the same land as the first, but in fact containing the same mistaken description as the mortgage to the appellant. Thereafter and before the discovery of these mistakes, Kingsley made a mortgage on the land to Showver, which was afterwards paid, though not satisfied of

record, and afterwards sold and conveyed the land to Show-ver and wife, who, upon the discovery of the mistakes afore-said, for the purpose of bringing about their correction, reconveyed the land by warranty deed to Kingsley, who ex-ecuted a new mortgage to the appellant and to the appellee, each respectively. The reconveyance and the execution of the last named mortgages were not accomplished until after the demand of the appellee was overdue. The appellee ac-cepted the second and third mortgages made to him, but did not release the first, claiming and, by the judgment of the circuit court, receiving a decree for its foreclosure as the first lien upon the premises covered by it.

We are of opinion that this decree is wrong.

It is not contended that the stipulation in the appellee's mortgage is not valid and binding. Assuming its validity, it follows that a good-faith attempt of the parties to execute it, acted upon as if executed, can not be defeated by a mere mistake in the description of the premises, contained in the instruments by which the parties endeavored to accomplish its execution. That the parties, the appellee, the appellant and Kingsley, did attempt to act in pursuance and in fulfil-ment of the stipulation is clear, and all that was lacking to its complete execution was a proper description of the prem-ises in the first mortgage made to the appellant, and in the second mortgage made at the same time to the appellee. Equity treats as done what was intended to be and ought to have been done; and it is clear in this case that the appellant, upon the facts as they appear in the pleadings, was entitled to a correction of the alleged mistake in his mortgage, and to have it declared a prior lien to any claim of the appellee, whether asserted under his first mortgage, or under either of those subsequently made to him.

What the effect was of the subsequent occurrences, the mort-gage and conveyance to Showver, the reconveyance to Kings-ley, his second mortgage to the appellant, and third to the ap-

pellee, and second conveyance to Showver, it is not material to enquire. The rights of the parties became fixed upon the attempt made to execute the agreement contained in the appellee's first mortgage, which, upon the facts stated, equity will enforce as if completely accomplished.

No right is set up in favor of a third party which can interfere with the power of the court in the premises. Indeed, it is difficult to see how, in respect to the appellee, the rights of such party could have intervened. His first mortgage, being of record, so long as unsatisfied, constituted notice of his rights, and subject only to the right of the appellant, or of any one claiming the benefit of said stipulation, it might have been foreclosed in his favor, even though he had accepted and held a subsequent mortgage upon the same land for the same debt, and though, as against such subsequent mortgage, standing alone, other superior liens might have intervened. *Walters* v. *Walters*, 73·Ind. 425.

It follows that the court erred in sustaining the demurrers to the respective paragraphs of reply to the answer to the cross complaint.

The appellee has assigned error upon the overruling of his demurrer to the cross complaint, and to the third, sixth, seventh and ninth paragraphs respectively of his answer to the cross complaint.

That the cross complaint is sufficient is implied from the decision upon the points already considered; and if there is anything in any of the answers to which the demurrer was sustained which constituted a defence to the appellant's counterclaim, it was provable under the answers which remained.

Judgment reversed, with costs, and with instructions to overrule the demurrer to the several paragraphs of reply.