## HOPKINS *v.* STATE OF INDIANA.

[No. 22,374. Filed October 17, 1913.]

1. WITNESSES.—*Corroboration.*—*Witness Impeached by Inconsistent Statements.*—Where defendant, in a prosecution for assault and battery with intent to murder, sought to impeach a State witness by showing statements made by him at about 9 o'clock in the morning following the assault which were inconsistent with his testimony, it was competent for the State in rebuttal to prove that the witness had made statements consistent with his testimony at about 7 o'clock on the morning following the assault. p. 294.

2. CRIMINAL LAW.—*New Trial.*—*Newly-Discovered Evidence.*—*Insanity.*—Newly-discovered evidence as to the insanity of a defendant in a prosecution for assault and battery with intent to murder, is not such newly-discovered evidence as will entitle him to a new trial, where no plea of insanity had been interposed and the cause had been defended solely on the ground of self-defense. p. 294.

From Rush Circuit Court; *Alonzo Blair,* Judge.

Prosecution by the State of Indiana against William G. Hopkins. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Watson, Titsworth & Green* and *Newby & Newby,* for appellant.

*Thomas M. Honan,* Attorney-General, and *Thomas H. Branaman,* for the State.

MYERS, J.—Appellant was indicted on a charge of assault and battery with intent to commit murder. He entered a plea of not guilty, trial by jury was had with verdict of guilty of assault and battery with intent to commit voluntary manslaughter. Appellant's motion for a new trial was overruled and judgment rendered on the verdict.

The only error assigned is in overruling the motion for a new trial. The points urged here on the motion for a new trial are based upon the grounds, (1) that the court erred in the admission of certain evidence, and (2) newly-discovered evidence.

The question presented as to the first proposition is this. A witness called by the State testified as to the manner in which the assault occurred and the circumstances surrounding it. A witness for the defense testified as to a conversation occurring about nine o'clock the next morning after the assault somewhat contradictory of the testimony given on the trial. A witness was then called by the State in rebuttal who gave testimony of a conversation with the first witness as occurring about seven o'clock on the morning after the assault, in harmony with his testimony at the trial. It was this testimony in rebuttal, which is complained of as given out of the presence of appellant. There was no error in this. The rule is that one who is sought to be impeached by statements made out of court, inconsistent with his testimony in court, may show that at or about the same time he made statements consistent with his statements in court. *Tyrrel* v. *State* (1912), 177 Ind. 14, 17, 97 N. E. 14; *Hicks* v. *State* (1905), 165 Ind. 440, 442, 75 N. E. 641; *Hinshaw* v. *State* (1897), 147 Ind. 334, 372, 47 N. E. 157; *Hobbs* v. *State* (1893), 133 Ind. 404, 407, 408, 52 N. E. 1019, 18 L. R. A. 774, and authorities cited.

The second proposition is, that counsel for appellant had no means of knowing that appellant was insane, as claimed to be disclosed by affidavits filed with and as a part of the *motion for a new trial*, on the ground of newly-discovered evidence, until after the trial. It is not at all strange that counsel for appellant were not apprised before trial of the infirmity of appellant, when in view of the opinions expressed by several of his acquaintances as to his peculiarities, or mental deficiency more than ten years previously, other neighbors, and even his own sons and kinsmen who were witnesses could hardly have been ignorant of his weakened mentality, much less of his mental unsoundness, if it existed, yet were not sufficiently impressed with the subject to make a disclosure to his counsel, in so

trying a situation as he was there placed, as to lead to a plea of insanity, so his counsel were certainly not neglectful of their duty owing him when in accounting for his act it was placed upon the ground of self-defense, and he himself puts it on that ground, and if believed by the jury his statements would have justified him. If he was in fact insane, a new trial might, under the opinions expressed in the affidavits in support of his motion, produce a different result, but no plea of insanity was interposed, so that the evidence is not newly discovered on that issue, and appellant was not entitled to a new trial on the ground of newly-discovered evidence, in order to interpose that defense. *Donahue* v. *State* (1905), 165 Ind. 148, 156, 74 N. E. 996. Appellant's mental condition would have been competent under the plea of not guilty, as a proper subject of cognizance by the jury, in mitigation of the offense, but it was not suggested, on the evidence, or any where in the record.

We have examined the evidence, and are of the opinion that the jury was justified in concluding that appellant was in fact the aggressor, and are not impressed with the contention that his conviction was erroneous, or that his substantial rights were prejudiced.

The judgment is affirmed.

NOTE.—Reported in 102 N. E. 851. See, also, under (1) 40 Cyc. 2787; (2) 12 Cyc. 735. As to impeachment of witnesses, see 14 Am. St. 157; 82 Am. St. 25. As to the admissibility of previous statements by a witness out of court consistent with his testimony, see 41 L. R. A. (N. S.) 857. As to the admissibility of prior consistent statements of a witness after proof of prior inconsistent statements, see 8 Ann. Cas. 477.