CONTINENTAL INSURANCE COMPANY *v.* BAIR ET AL.

[No. 8,983.    Filed January 5, 1917.    Rehearing denied June 22, 1917.    Transfer denied November 1, 1917.]

1. APPEAL.—*Briefs.*—*Waiver of Error.*—Assignments of error are waived where appellant's brief fails to present any points or propositions relating thereto. p. 507.

2. INSURANCE.—*Fire Insurance.*—*Action on Policy.*—*Necessary Parties.*—*Plaintiffs.*—*Statutes.*—Under §§251, 263 Burns 1914, §§251, 262 R. S. 1881, all who join as plaintiffs must have an interest in the subject of the action, and be united in such interest, although the interest of the several parties joined need not be equal and may be severable, provided all have some common interest in the subject-matter of the action, and this rule applies in cases involving loss by fire where the owner of the property insured and the holder of an encumbrance thereon are joined in a suit against the insurance company on the policy, it appearing that the total loss exceeds the amount of the encumbrance. p. 510.

3. PLEADING.— *Complaint.*— *Requisites.*— *Avoiding Defense.*— Where the facts pleaded show a cause of action, and also a defense thereto, the complaint is insufficient unless it also contains other averments which avoid such defense. p. 511.

4. INSURANCE.— *Fire Insurance.*— *Indorsement of Policy.*— *Equitable Relief.*—Where the holder of a fire insurance policy notified the insurer of the execution of a mortgage on the

premises insured and obtained the insurer's agreement to indorse the interests of the mortgagees upon the policy, as required by its provisions, on the insurer's failure to comply with its agreement equity will regard that as done which in good conscience ought to have been done. · p. 512.

5. INSURANCE.—*Fire Policy.—Action.—Complaint.—Sufficiency.—Proof of Loss.*—In an action on a policy of fire insurance, a complaint alleging that due proof of loss was furnished the insurer within thirty-nine days of the fire and within sixty days allowed by §4622g Burns 1914, Acts 1911 p. 525, and the provisions of the policy, sufficiently shows as against demurrer that the proof of loss was made as required by the policy and statute. p. 514.

6. INSURANCE.— *Fire Insurance.— Action on Policy.— Mortgagees.—Insurable Interest.*—Where the interest of mortgagees in a house covered by a fire insurance policy, although not in fact indorsed on the policy, was regarded by equity as having been so indorsed, the mortgagees had an insurable interest in the insured premises and could maintain an action against the insurer to recover for loss by fire. p. 515.

7. INSURANCE.— *Fire Insurance Policy.— Construction.— Condition against Encumbrances.*—A provision in a fire insurance policy that it shall be null and void if the property should become mortgaged or encumbered, relates to liens voluntarily placed on the property by the insured, and does not apply to judgments thereafter obtained against him or other liens created by law, such as a money judgment in a suit for divorce. p. 516.

8. APPEAL.—*Answers to Interrogatories.—Scope of Review.*—In reviewing the ruling on a motion for judgment on the jury's answers to interrogatories the court on appeal can consider only the general verdict, the interrogatories and answers thereto, and the issues formed by the pleadings. p. 520.

9. APPEAL.— *Review.— Answers to Interrogatories.— General Verdict.—Presumptions.*—In passing on a motion for judgment on the jury's answers to interrogatories, every reasonable presumption is indulged in favor of the general verdict, and the answers will not overcome it if it can be sustained by any facts provable under the issues. p. 520.

10. INSURANCE.—*Fire Insurance.—Contract.—Proof of Loss.—Necessity.—Statute.*—Under §4622g Burns 1914, Acts 1911 p. 525, providing that, when a policy of fire insurance requires preliminary proofs of loss, they shall be furnished by the insured within sixty days, and, if objected to by the insurer as defective, they shall be returned, together with a specification of defects, within ten days, in which case the insured is allowed

ten days to remedy the objections or make affidavit that he is. unable to do so, where the proofs of loss submitted by insured could not be made more definite and specific, and where before the expiration of the ten-day period following their return to insured with objections thereto, and before service of formal notice of rescission, the insurer informed the insured that it denied all liability under the policy, and also stated that its position as regards liability could not be changed by any modification of proofs, insured was not required to make any further proofs. p. 520.

11. INSURANCE.—*Fire Insurance.—Proofs of Loss.—Sufficiency. —Statute.—*Proofs of loss furnished within sixty days after the fire showing that the house insured was totally destroyed on a certain date, that the loss amounted to a sum named, that insured owned the property in fee simple, and that it was encumbered by a mortgage, the name of each mortgagee and the amount of their respective claims being set out, furnished a detailed schedule of the claim, stated the character and extent of the interest of other parties, gave full information as to the encumbrance, thereby substantially complying with the terms of the policy and the requirements of §4622g Burns 1914, Acts 1911 p. 525, as to proofs of loss. p. 520.

12. INSURANCE.—*Fire Insurance.—Proofs of Loss.—Objections. —Sufficiency.—Statute.—*Section 4622g Burns 1914, Acts 1911 p. 525, providing that, when a fire insurance policy requires the making of a preliminary proof of loss, the insured shall furnish such proofs within sixty days, and, if the proofs furnished are objected to by the insurer as being defective, they shall be returned to insured with a specification of defects claimed, in which case he shall remedy the objections by amendment or make affidavit that he is unable to do so, contemplates a good-faith claim that the preliminary proofs are defective and a definite statement of omitted facts in the notice of defects in such proof, which requirements are not met by objections to proofs of loss that they are defective because failing to furnish a detailed schedule of claim, to state if any other person had any interest in the property, to state knowledge and belief as to the time and origin of the fire, and because encumbrances had been placed on the property without the insurer's knowledge and consent, where insured had given the insurer notice of the encumbrance on the property, and, within sixty days after a fire, had made proof that the house insured had been totally destroyed on a certain date, that the damage amounted to a sum named, that he owned the property in fee simple encumbered by a mortgage, and stating the

name of each mortgagee and the amount of their respective claims.  p. 521.

13.  INSURANCE.—*Fire Insurance.—Insufficient Proofs of Loss.— Failure to Furnish Affidavit.*—Under §4622g Burns 1914, Acts 1911 p. 525, relating to proofs of loss by fire, the failure of insured to submit an affidavit showing that proofs of loss returned as defective could not be made more specific, within ten days from the receipt of the insurer's objection thereto, was the omission of only a technical detail, where the proofs furnished, fairly construed, supplied all the information called for, and were not subject to the objections made.  p. 521.

14.  INSURANCE.—*Fire Insurance.—Authority of Agent.—Scope. —Indorsement of Mortgage.*—The written authority of the local agent of a fire insurance company empowering him to effect insurance, to countersign, issue, and renew policies, to consent in writing to their assignment and transfer, and to collect premiums, authorized him to consent to the encumbrance by mortgage of insured property, and to indorse the consent of the insurer thereto on the policy, so that the agent's agreement to make such indorsement was binding on the insurer. · pp. 522, 523, 530.

15.  INSURANCE.— *Fire Insurance.— Mortgage.— Indorsement of Policy.*—The authorization of payment of a fire insurance policy to a mortgagee is a conditional assignment or transfer to the mortgagee of an interest in the policy.  p. 523.

16.  INSURANCE.—*Authority of Agent.—Construction.*—The written authority of an insurance agent is to be liberally and fairly construed, and a narrow and limited meaning is not to be given to it, unless the language employed clearly indicates that such was the intention of the parties.  p. 523.

17.  INSURANCE.—*Provisions of Policy.—Waiver.*—A stipulation in an insurance policy that none of its provisions can be waived by an agent except by the consent of the company indorsed on the policy may itself be waived either by express agreement or by conduct.  p. 525.

18.  INSURANCE.—*Provision of Policy.—Waiver.—Indorsement of Mortgage.*—Where a fire insurance company, through its authorized agent, obtained knowledge of a mortgage on insured premises and agreed to place on the policy the requisite clause to make it payable to the mortgagee, but failed for seven months to so indorse the policy, the insurer waived the condition requiring its consent to be indicated in writing upon the policy.  p. 525.

19.  EVIDENCE.—*Inferences from Facts Proved.—Sufficiency.*—It is not essential that facts be established by direct and positive testimony, and it is sufficient on appeal if from the facts and

circumstances proved the jury may reasonably have inferred the ultimate and essential facts necessary to sustain the verdict. p. 526.

20. INSURANCE.—*Fire Insurance.*—*Policy.*—*Construction.*—Where a policy of fire insurance was written by a local agent, and by special arrangement was kept in the agent's office and was not seen by insured until after loss by fire, the contract was not to be construed with the same strictness generally obtaining in the interpretation of written instruments where the parties have like opportunity to be advised as to their provisions. p. 527.

21. INSURANCE.—*Fire Insurance Policy.*—*Presumption Against Forfeiture.*—Where the premium has been paid on a policy of fire insurance and the risk has attached, every presumption will be indulged in favor of the good faith of the parties and to avoid a forfeiture. p. 527.

22. WITNESSES.—*Corroboration.*—*Impeachment.*—Where a witness has been impeached by the testimony of another witness that he had made statements out of court inconsistent with his testimony, it is proper to corroborate such witness by proving that he had also made previous statements in harmony with his testimony at the trial, but the rule does not permit the introduction of corroborating testimony to support the testimony of a witness in chief on the ground that his evidence on cross-examination tends to contradict or weaken his testimony in chief. p. 527.

23. TRIAL.—*Instructions.*—*Construction.*—Instructions should be considered together. p. 528.

24. INSURANCE.—*Fire Insurance.*—*Provisions of Policy.*—*Waiver.*—Provisions of a fire insurance policy rendering it void if the property insured should be encumbered without the written consent of the company indorsed on the policy, that no agent has authority to waive any condition of the policy except as therein stated, and that no waiver is binding on the company unless written upon, or attached to, the policy, are stipulations in favor of the company, which it could waive by express agreement or by conduct. p. 531.

25. INSURANCE.—*Fire Insurance.*—*Provisions of Policy.*—*Waiver.*—*Indorsement of Mortgage.*—Provisions in a policy of fire insurance rendering it void if the property insured should be encumbered without the written consent of the company indorsed on the policy, and that no stipulation of the policy can be waived except by written indorsement thereon, are waived where the company's agent, acting within the scope of his authority, agreed to indorse on the policy the insurer's consent to a mortgage of the insured property. p. 532.

From Tipton Circuit Court; *James M. Purvis,* Judge.

Action by Lytel Bair and others against the Continental Insurance Company. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*Burke G. Slaymaker,* for appellant.

*Alfred Ellison,* for appellees.

FELT, C. J.—This is a suit by appellees, Lytel Bair and others, against appellant, Continental Insurance Company, to recover on a policy of fire insurance. The other appellees are alleged to hold liens on the property covered by the policy. From a judgment in appellee's favor for $600 appellant has appealed and assigned as error: (1) The overruling of its demurrer to the complaint; (2) the sustaining of the separate demurrer to the eighth and ninth paragraphs of appellant's answer to the complaint; (3) the overruling of the demurrer of appellant to the second paragraph of reply of appellees to each of the fourth, fifth, and sixth paragraphs of appellant's answer; (4) overruling the motion of appellant for judgment on the answers of the jury to the interrogatories notwithstanding the general verdict; (5) overruling the motion for a new trial; and also (6) in arrest of judgment. The second, third and sixth assignments are waived by the failure of appellant to present any points or propositions relating thereto.

1. 

The complaint, in substance, alleges that on January 3, 1913, Lytel Bair owned a frame dwelling house in Summitville, Indiana, and on that day for a cash premium of $7.50, appellant insured the same for $600 for three years from that date; that appellee duly performed all the conditions of the policy of insurance so issued to him, and on the night of August 29, 1913, said building was totally destroyed by fire; that at the time of the fire the building was owned by said Bair and

was of the value of $700, and his loss occasioned by the fire was $700; that within four days after the fire appellee Bair notified appellant of the fire, and within fifteen days from the date of the fire appellant sent an adjuster to Summitville, who investigated and inspected the loss; that on October 7, 1913, appellee Lytel Bair furnished appellant due proof of the loss of said building; that on January 27, 1913, said appellee by a single mortgage encumbered real estate on which said building was located to secure indebtedness as follows:   To George Bair, $140; Pearl McLeod, $14.30; James L. Noble, $50; Summitville Bank $100; James F. Sparks, $22.07; Alfred Ellison, $20; William Kittinger, $25; Warner and Sons, $18.75; Vinson and Potts, $——; that appellant was duly notified of the giving of said mortgage immediately after its execution and assented thereto and then agreed with appellee Lytel Bair to cause said policy to be made payable to said mortgagees as their interests might appear; that appellant failed to make the necessary indorsement on the policy; that the appellees, other than Lytel Bair, join in the action that their interest in said policy may be protected by the court; that each has an interest therein to the amount of the respective claims above set out; that there is due on said policy the sum of $600, and no part of same has been paid by appellant.   The prayer is for judgment for $700.

The policy was made a part of the complaint by exhibit, and, among other terms, provided that:

> if the property "be or become mortgaged or encumbered, or if the interest of the assured be other than unconditional or sole ownership, or if the policy be assigned, or if the risk be increased by any means within the knowledge of the assured, then in each and every one of the above cases this entire policy shall be null and void unless otherwise provided by agreement endorsed herein.

"No officer, agent or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be subject to agreement endorsed hereon or added hereto and as to such provision and conditions no officer, agent or representative shall have such power or be deemed or held to have waived such provision or condition unless such waiver, if any, shall be written upon or attached hereto."

The policy further provided that in case of loss the assured should within fifteen days give notice in writing to the company, and within sixty days after loss should render a statement to the company, signed and sworn to by the assured, "stating the interest of the assured and all others in the property, the cash value of each item thereof and the amount of loss thereon, all other insurance, whether valid or not, covering any part of said property, and shall furnish an itemized statement of loss and damage to any building described in the policy; * * *.

The policy further stipulated that to secure mortgages, if desired, the policy should be made payable on its face to such mortgagee, as follows: Loss, if any, payable to John Doe, mortgagee."

The memorandum accompanying the demurrer states that the complaint does not show that the plaintiffs other than Lytel Bair have any interest in the insurance contract and that a joint action cannot be maintained; that none of the plaintiffs are shown to have an insurable interest in the property covered by the policy; that it is not shown that any amount is due any of the plaintiffs on the policy; that it does not appear that any of the plaintiffs have furnished the proof of loss required by the policy and by the laws of the state; that it affirmatively appears that Lytel Bair has himself breached the contract sued upon.

Under our Code, all who join as plaintiffs must have an interest in the subject of the action and be united in such interest, but their interests need not be

2.    equal, and may be severable, provided all have some common interest in the subject-matter of the suit and each is interested in seeing that all who join as plaintiffs obtain relief in respect to such subject-matter.

This rule has been specifically applied in cases involving loss by fire where the owner of the property insured and the holder of encumbrance thereon joined in a suit upon the policy against the insurance company, it appearing that the total loss exceeded the amount of the encumbrance. §§251, 263 Burns 1914, §§251, 262 R. S. 1881; *Home Ins. Co.* v. *Gilman* (1887), 112 Ind. 7, 9, 13 N. E. 118; *Franklin Ins. Co.* v. *Wolff* (1899), 23 Ind. App. 549, 551, 54 N. E. 772; *Troxel* v. *Thomas* (1900), 155 Ind. 519, 522, 58 N. E. 725; *Judy* v. *Jester* (1912), 53 Ind. App. 74, 85, 100 N. E. 15.

It is contended by appellant that the complaint shows upon its face a breach of the insurance contract by the execution of the mortgage by appellee Lytel Bair to his coappellees, and that the averments which show a request to have the policy made payable to the mortgagees as their interests may appear and the failure of appellant to comply with such request, fall short of showing any right of action in appellees; that, if there is any liability, before a recovery can be had there must be a reformation of the contract to make the policy payable to the mortgagees as their interests may appear; that the terms of the policy require the interest of the mortgagees to be shown upon the policy itself.

Where the facts pleaded show a cause of action and also a defense thereto, the complaint is insufficient unless it also contain other averments which avoid

3.　such defense. *Mallow* v. *Eastes* (1912), 179 Ind. 267, 270, 100 N. E. 836; *Johnson* v. *Harrison* (1911), 177 Ind. 240, 248, 97 N. E. 930, 39 L. R. A. (N. S.) 1207. The averments which show the execution of the mortgage and the failure to have the interest of the mortgagees shown upon the policy defeat any recovery thereon, unless avoided by the averments which show notice to appellant of the execution of the mortgage, its assent thereto and its agreement to have the policy made payable to the mortgagees as their interests appear, without actually so indorsing the policy. The averments are sufficient to show notice to appellant of the execution of the mortgage and an agreement with appellee Lytel Bair to properly indorse the interests of the mortgagees upon the policy, and a failure to comply with such agreement.

Under our Code we have but "one form of action for the enforcement or protection of private rights and the redress of private wrongs." Equitable principles may be invoked to relieve against a wrong where the facts are sufficient to warrant the application of such principles. The averments of the complaint show that appellee Bair did everything necessary on his part to have the policy made payable to the mortgagees as their interests should appear, and that appellant agreed to so endorse the policy and failed to carry out its agreement. The failure to have the interests of the mortgagees duly endorsed on the policy was under the averments due to the fault of appellant. In such situation the principle may be invoked that equity regards that as done which in good conscience ought to have been done. *Sourwine* v. *Supreme Lodge, etc.* (1894), 12 Ind. App. 447, 450, 40 N. E. 646, 54 Am. St. 532; *Modern Brotherhood* v. *Matkovitch* (1913), 56 Ind. App. 8, 15, 104 N. E. 795, and cases cited. *Isgrigg* v. *Schooley* (1890), 125 Ind. 94, 99, 25 N. E. 151; *Ken-*

*tucky, etc., Ins. Co.* v. *Jenks* (1854), 5 Ind. 96, 104; *Stewart* v. *Gwynn* (1907), 41 Ind. App. 320, 325, 82 N. E. 1000, 83 N. E. 753; *Randall* v. *White* (1882), 84 Ind. 509, 514; *German-American Ins. Co.* v. *Sanders* (1896), 17 Ind. App. 134, 138, 46 N. E. 535; 1 Pomeroy, Equity Jurisp. (3d ed.) §§108, 109, 111, 364, 365.

In *Sourwine* v. *Supreme Lodge, etc., supra*, this court considered a case in which a member of the endowment rank of the K. of P. lodge complied with all of the conditions under which he was entitled to transfer to the fourth class, which paid a larger indemnity than the class from which he sought to transfer. He took this action in March, 1889, and died on May 5, 1892, without having obtained the transfer. His beneficiaries brought suit to recover on the ground that the insured was equitably a member of the fourth class, but the trial court sustained a demurrer to the complaint on the theory that he was not actually a member of such class at the time of his death. The court by Gavin, J., said: "Clearly, Croasdale possessed all the necessary qualifications, complied strictly with the requirements of appellee's constitution, and was in fact entitled to be, and under the allegations of the pleadings, ought to have been, transferred. Appellee's position is that nevertheless he was not transferred in fact, and could not be without the approval of the medical examiner in chief, and for this reason his beneficiaries cannot recover. It is further contended that he had, by not asserting his legal right to the transfer and not tendering the dues, acquiesced and abandoned his right to the transfer. The constitution and by-laws of such an organization are elements of the contract of insurance. * * * Under the averments, the action of the medical examiner in chief, in rejecting the application solely by reason of Croasdale's age, was in direct violation of the constitution. * * * Having done everything

that was to be done by him to effectuate the transfer, and being in all things entitled to it, it did not rest in the discretion of the examiner to refuse him. * * * Here is a manifest wrong. Yet it is asserted that although there was a wrong there is now no remedy. To so hold would be, to use a favorite phrase of Judge Elliott's, a reproach to the law. The arm of the law has not been so shortened as to leave the appellants remediless. If the application of the stricter rules of law, as formerly administered, do not furnish the remedy, the more expansive and beneficent principles of equity are ample for the purpose. An eminent law writer speaks thus: 'Equitable remedies, on the other hand, are distinguished by their flexibility, their unlimited variety, their adaptability to circumstances, and the natural rules which govern their use. There is in fact no limit to their variety and application, the court of equity has the power of devising its remedy and shaping it so as to fit the changing circumstances of every case and the complex relations of all parties.' 1 Pom. Eq. section 109. Again he says, at section 111: 'It has, therefore, never placed any limit to the remedies which it can grant; either with respect to their substance, their form, or their extent; but has always preserved the elements of flexibility and expansiveness, so that new ones may be invented or old ones modified, in order to meet the requirements of every case, and to satisfy the needs of a progressive social condition, in which new primary rights and duties are constantly arising, and new kinds of wrongs are constantly committed. * * * So equity will grant relief here, although Croasdale never in his lifetime compelled the transfer, by mandate, as he might have done. We do not think it lies in appellee's mouth to complain that some hardship may be imposed on it by reason of his

failure to insist on his rights in a court of law before his death. For whatever hardship may arise therefrom, appellee, and not he, is responsible.   *   *   *

"Our conclusion, therefore, is that the trial court erred in sustaining the demurrer to the complaint."

In *Modern Brotherhood* v. *Matkovitch, supra,* this court held that there could be a recovery by an intended beneficiary where there had been an ineffectual effort to have such person named as the beneficiary in the certificate and such change had been prevented by the wrong of the beneficiary named in the certificate.

Our Supreme Court, in *Isgrigg* v. *Schooley, supra,* made a similar holding, and on page 99 said: "The assured had the right to make the change; he did all that was within his power to do in compliance with the by-laws governing such change; the appellee, the beneficiary named in the original certificate, prevented him from a formal compliance in the delivery of the certificate, and equity will regard that as done, since he had the right to its possession, and the right to have delivered it, but could not do so by reason of the acts of the appellee, and equity requires no impossibilities."

We therefore conclude that the averments are sufficient to avoid the defense above indicated and to warrant the maintenance of the suit by appellees.

The averments show that the fire occurred on August 29, and that due proof thereof was furnished appellant on October 7, or thirty-nine days after the fire.

5.   Both the statute (Acts 1911 p. 525, §4622g Burns 1914) and the provisions of the policy require proof of loss to be made within sixty days. As against the demurrer, these averments are sufficient to show that the requisite proof of loss was made within the specified time.

Under the foregoing authorities, the allegations show an insurable interest in the appellees and a cause

6. of action against appellant. We therefore conclude that the court did not err in overruling the demurrer to the complaint.

The eighth paragraph of answer sets up facts to show that after the policy in suit was written and before the loss by fire of the property insured, in a suit for divorce by the wife of appellee Lytel Bair, she obtained a money judgment against him which was an unsatisfied encumbrance on the property at the time of the fire; that appellant had no notice or knowledge thereof prior to January 5, 1914; that on or about January 6, 1914, appellant notified said appellee of its intention to rescind the contract of insurance, and then and there tendered him the amount of premium paid and interest thereon, in all the sum of $10 in gold coin, lawful money of the United States which he refused to accept, and same was thereupon paid into court for his benefit.

The ninth paragraph of answer alleges that, after the execution of the policy in suit, the risk thereof was increased to the knowledge of appellee Lytel Bair, in violation of the terms of the policy, which provided that in such case the policy should be and become void, unless otherwise provided by agreement endorsed on the policy; that the risk was so increased by the execution of the mortgage mentioned in the complaint and by the rendition of judgments against appellant which became liens on the property insured, after the execution of the policy, and so remained at the time of the fire, all without appellant's knowledge or consent, and without consent or agreement thereto endorsed on the policy. The paragraph contains the same averments as the eighth, relating to when it obtained knowledge of the encumbrances and its notice of rescission and tender of the premium.

The Supreme Court of this state has held that a provision in a fire insurance policy that, "if the property

shall hereafter become mortgaged or encum-
7. bered, this policy shall be null and void," related
to liens voluntarily placed on the property by
the insured, and did not apply to judgments thereafter
obtained against him or other liens created by law upon
the property. *Phenix Ins. Co.* v. *Pickel* (1889), 119
Ind. 155, 162; 21 N. E. 546, 12 Am. St. 393. See, also,
2 Cooley, Briefs on Ins. 1768. *Baley* v. *Homestead Fire
Ins. Co.* (1880), 80 N. Y. 21, 36 Am. Rep. 570; *Green*
v. *Homestead Fire Ins. Co.* (1880), 82 N. Y. 517; *Lodge*
v. *Capital Ins. Co.* (1894), 91 Iowa 103, 58 N. W. 1089.

What we have said in considering the complaint with
reference to the allegations relating to the mortgage
and the alleged consent thereto by appellant disposes of
the allegations in the answer which count upon the
mortgage.

Under the foregoing authorities, we hold that the
court did not err in sustaining the demurrer to said
paragraphs of answer.

The jury by their answers to interrogatories found
that the policy in suit was issued on January 3, 1913,
and that on January 27, 1913, appellee Lytel Bair exe-
cuted a mortgage on the property to his coappellees;
that the house insured was destroyed by fire on August
29, 1913, and the aforesaid mortgage was then in
force; that neither appellant nor anyone in its behalf
ever endorsed on the policy consent of appellant to the
execution thereof; that Andrew F. Kaufmann was ap-
pellant's agent at Summitville at and subsequent to
the time the policy was executed, and his authority as
such was in writing and provided that he had power
"to effect insurance upon property located within the
limits or in the vicinity of said city, to countersign,
issue and renew policies of insurance when assigned
by the officers of the company and to consent in writ-
ing to assignments and transfers thereof and to collect

premiums for transmission to the company. The power hereby conferred is subject to the rules and regulations of said company, and to such instructions as may from time to time be given by its authorized representatives"; that the policy in suit was issued by appellant, at Summitville, Indiana, by its agent, Andrew F. Kaufmann; that on or about January 28, 1913, Lytel Bair had a conversation with said Kaufmann, in which he informed him of the execution of said mortgage on the property covered by the policy in suit and told him when it was executed but did not state the names of the mortgagees; that in said conversation said Bair asked Kaufmann to agree for appellant that the policy should not be null and void because of the mortgage and requested him for appellant to attach a loss-paying clause to said policy, showing same payable to the mortgagees as their interest shall appear; that said Kaufmann replied thereto, "Yes, all right"; that no loss-paying clause was ever attached to the policy; that on October 9, 1913, proof of loss was sent to appellant by United States mail to the city of New York, and such proof was furnished said Kaufmann who was appellant's agent in Summitville, Indiana, and had an office there all of the year 1913; that such proof was also furnished appellant at its main office in Indiana, in charge of A. J. Dillon at Rochester; that such proof of loss is as follows:

> "To Continental Insurance Company, New York City.
> "You Are Hereby Notified, That on the night of August 29, 1913, the dwelling house situated in Summitville, Madison County, Indiana and covered by an insurance policy issued by you, said policy being no. D 7320, in the amount of ($600) six hundred dollars, was totally destroyed by fire; that at the time of said fire, the undersigned, Lytel Bair, was the owner of said house in fee simple, and was the owner of the real estate upon which the same

was situated, that the same was encumbered by the following mortgages;

Mortgage to Warner & Sons, in sum of $18.75;

Mortgage to George Bair, in sum of $140;

Mortgage to Pearl McLeod in sum of $14.30;

Mortgage to James L. Noble in sum of $50;

Mortgage to Summitville Bank, of Summitville, Indiana, in sum of $100;

Mortgage to James F. Sparks, in sum of $22.07;

Mortgage to W. A. Kittinger, in sum of $25;

Mortgage to Alfred Ellison, in sum of $20.

That said building, at the time of said fire, was fairly and reasonably worth seven hundred dollars ($700.00) and the assured lost by reason of said fire the sum and amount of seven hundred dollars, ($700.00).

"And the said Lytel Bair, being duly sworn, upon his oath, says that the above and foregoing is true.
                                    "Lytel Bair.

"Subscribed and sworn to."

That no other or different proof of loss or written communications or documents were furnished appellant by appellee; that on October 11, 1913, appellant by registered mail sent to said Bair a letter which was received by his duly authorized attorneys at Anderson, Indiana, on October 13, 1913, and in substance stated that the proofs of loss had been received and were rejected because of: (1) Failure to furnish a detailed schedule of claim; (2) failure to state if any other person had any interest in the property; (3) failure to state knowledge and belief as to time and origin of the fire; (4) the fact that without the knowledge or consent of appellant encumbrances had been placed on the property insured.

The finding also shows that this action was begun on October 14, 1913, and appellant did not prior thereto deny any liability for the loss; that appellant promised to pay money due on the policy to persons other than appellee Lytel Bair, viz., to the mortgagees; that on November 6, 1913, appellant notified appellee Lytel Bair

of its rescission of the policy sued on because he had violated its provisions by encumbering the property, and tendered him ten dollars in gold coin.

Appellant urges two principal contentions to show that the answers to the interrogatories are in irreconcilable conflict with the general verdict and entitle it to judgment thereon, viz.: (1) Failure to furnish the requisite proof of loss; and (2) the mortgaging of the property without appellant's consent duly indorsed on the policy.

The first proposition is based upon the provisions of the policy and the statute. Acts 1911 p. 525, *supra.* Where the policy provides for preliminary proofs of loss, the statute requires the insured to furnish such proof within sixty days, and further provides that: "If for any reason the insurance company shall claim that such preliminary proof of loss is defective, it shall within ten days after the receipt thereof, notify in writing the insured * * * of the defects claimed, specifically stating them." The statute then requires the defects pointed out to be remedied by verified amendments, "complying with such objections as far as practicable, within ten days * * * or if unable to comply with such objections, the insured or the party making such proof of loss shall present to the company an affidavit to that effect, stating therein why such objections cannot be complied with."

The answers show that proof of loss was made and objections thereto by the company returned within the time prescribed by the statute, and that no further proofs or documents were furnished by appellee, but the answers also show that shortly thereafter appellant gave notice of its decision to rescind the policy and tendered back the full amount of the premium paid with interest. The company thus forcibly expressed

its denial of all liability based upon the alleged right to rescind the contract *in toto.*

In passing on the motion for judgment on the answers to the interrogatories we can only consider the general verdict, the questions and answers, and the issues formed by the pleadings. Every reasonable presumption is indulged in favor of the general verdict, and the answers will not overcome it if the verdict can be sustained by any facts provable under the issues. While the answers show that the notice of rescission and tender of the premium were not made until ten days had expired after the receipt of appellant's objections to the proofs of loss, yet evidence was admissible to show that the proofs submitted were full and complete and could not be made more definite and specific; that before the expiration of the ten days following appellee's receipt of the objections to the proofs of loss, and before service of the formal notice of rescission, appellant denied all liability under the policy and so informed appellee Bair, and likewise informed him that its position on the question of liability could not be changed by any modification of the proofs, or by any affidavit or statement made in relation thereto.

The law does not require the doing of a useless and unnecessary thing, and under such conditions any further proofs or statements from appellee would not have changed the attitude of the parties to this suit on the ultimate question of appellant's liability. Furthermore, we find no provision in the policy or the statute requiring the insured to state his knowledge and belief as to the time and origin of the fire.

The proofs furnished show that the house was totally destroyed by fire on August 29, 1913, and that the loss amounted to $700; that Lytel Bair at that time owned the property in fee simple; that the same

was encumbered by a mortgage and the name of each mortgagee and the amount of his claim is set out. In our judgment the proofs submitted furnished a "detailed schedule of the claim," stated the character and extent of the interest claimed in the property by other parties, gave full information as to the encumbrance on the property, and substantially complied with the terms of the policy and the requirements of the statute.

The statute contemplates a good-faith claim that 12. the preliminary proofs are defective and a definite statement of the omitted facts in the notice of the defects in such proof, "specifically stating them." The objections pointed out do not meet the requirements.

On the facts of this case the failure to submit an affidavit showing that the proofs could not be made more specific, within ten days from the receipt of the 13. objections above shown, was the omission of only a technical detail, since the proofs furnished, when fairly construed, supplied all the information called for, and were not subject to the alleged objections pointed out by appellant. *Ohio Farmers Ins. Co.* v. *Glaze* (1913), 55 Ind. App. 147, 152, 101 N. E. 734.

The second objection relating to the encumbrance of the property without procuring the written consent of appellant thereto, indorsed upon the policy, presents a more serious and substantial question. In passing on the sufficiency of the complaint we have held the allegations showing notice to appellant of the execution of the mortgage and an agreement by it to properly indorse the policy payable to the mortgagees as their interests should appear, were sufficient to show liability, notwithstanding the policy was not actually so indorsed.

The answers to the interrogatories present the further question as to whether appellant is bound by notice

14.

to, and agreement by, its local agent in respect to the mortgage placed on the property. The written authority of appellant's local agent who procured the insurance does not specifically authorize him to indorse policies to show the interest therein of mortgagees, nor does it specifically deny his power so to do. He is given express authority to effect insurance, to countersign, issue, and renew policies, to consent in writing to their assignment and transfer, and to collect premiums.

The finding of facts also shows that the policy in suit was issued by appellant at Summitville, by its local agent, Andrew F. Kaufmann, who had an office there during all of the year 1913. Appellant contends that the power of the agent is governed by his written authority issued to him by the company; that as such agent he had no power to waive any provision of the policy and in no event could appellant be bound by any waiver of conditions not in writing and duly indorsed on the policy. Appellee, in effect, contends that as local agent of appellant with authority *"to countersign, issue and renew policies, * * * to consent in writing to assignments and transfers thereof and to collect premiums,"* under the laws of this state, Kaufmann, the local agent ,at Summitville, was the agent of appellant in the transactions relating to the policy in suit and within such limitations his acts and omissions relating thereto were the acts and omissions of appellant and binding upon it; that, in addition to the express authority given Kaufmann, by permitting him to issue policies, collect premiums, and maintain an office to transact the business of the company at Summitville, the company thereby held such agent out to the public and to appellees as having authority to bind it in all matters appertaining to the issuance, assignment, transfer, and indorsement of the insurance policies is-

sued by him from such office, and therefore cannot now be heard to deny his authority in respect to the policy in suit.

While the assignment of a policy is not in all respects identical with its endorsement in favor of a mortgagee, nevertheless the authorization of payment to a mortgagee, is a conditional assignment or transfer to the mortgagee of an interest in the policy. The conditions being that if a loss shall accrue under the policy for which the insurer is liable and at such time the mortgagee shall have an interest in the property so insured, payment will be made to him in accordance with such interest.

We have already held that the mortgagee has such an interest as to make him a necessary party to the suit, and a proper party plaintiff. But it has also been held that where the interest of the mortgagee exceeds the amount of the loss, the mortgagee may maintain the suit in his own name and make the owner of the property a party defendant to the suit. *Franklin Ins. Co.* v. *Wolff, supra.*

It is not denied that the agent is given authority to consent in writing to the assignment of a policy and the transfer of all the interest of the insured to a purchaser. Such being the case, it is but reasonable to suppose that the parties intended to cover instances of partial and conditional assignments of the interest of the insured.

The instrument of authority is to be liberally and fairly construed, and a narrow and limited meaning is not to be given to it, unless the language employed clearly indicates that such was the intention of the parties. The words "assignments" and "transfers" are both employed. If the word "transfers" has any effect, it is to broaden and enlarge the scope of the agent's authority be-

• yond what it would have been had only the word "assignments" been used. Appellant is here contending for the narrow construction against a third party dealing with a person whom it concedes to be its agent, with full authority to consent to an assignment of the policy, but who it asserts is devoid of authority to protect the interest of mortgagees by proper indorsement on the policy. The transactions are similar in many respects, and there seems to be no good reason for denying the authority in the one instance and conceding it in the other, since the language when fairly construed is broad enough to give authority to the agent in either instance. The words employed are not restricted in their meaning or application, and we are therefore free to give them a fair and reasonable construction, and in so doing should consider the relation of the parties and the nature and character of the business to be transacted by the agent. When so considered, the written authority is clearly sufficient to constitute the local agent of appellant its agent in the transactions relating to the mortgaging of the property insured. We therefore hold that appellant's local agent at Summitville had authority to consent to the mortgaging of the property insured, and to indorse the consent of appellant thereto upon the policy; that his agreement so to do and his failure to comply therewith are binding on appellant. As bearing on the several preliminary propositions, as well as upon the ultimate conclusion reached, we cite the following: Cooley, Briefs on Ins. 1063-1070; *Franklin Ins. Co.* v. *Wolff, supra; Continental Ins. Co.* v. *Munnes* (1889), 120 Ind. 30, 32, 22 N. E. 78, 5 L. R. A. 430; *Havens* v. *Home. Ins. Co.* (1887), 111 Ind. 90, 93, 12 N. E. 137, 60 Am. Rep. 689; *German Fire Ins. Co.* v. *Greenwald* (1912), 51 Ind. App. 469, 472, 99 N. E. 1011; *Western Ins. Co.* v. *Ashby* (1913), 53 Ind. App. 518, 523, 102 N. E. 45; *Humboldt Fire Ins. Co.*

v. *Ashby* (1914), 57 Ind. App. 682, 687, 108 N. E. 150; *Thompson* v. *Michigan, etc., Ins. Co.* (1914), 56 Ind. App. 502, 509, 105 N. E. 780; *Metropolitan Life Ins. Co.* v. *Johnson* (1911), 49 Ind. App. 233, 244, 94 N. E. 785; *Indiana Ins. Co.* v. *Hartwell* (1890), 123 Ind. 177, 192, 193, 24 N. E. 100; 22 Cyc 1429-1432; 2 C. J. 434, 435, 438, 445.

The stipulation in the policy that none of its provisions can be waived by an agent except by consent of the company indorsed on the policy may itself be waived either by express agreement or by conduct. *Metropolitan Life Ins. Co.* v. *Johnson, supra. Hanover Fire Ins. Co.* v. *Dole* (1898), 20 Ind. App. 333, 338, 50 N. E. 772; *Union, etc., Ins. Co.* v. *Whetzel* (1902), 29 Ind. App. 658, 665, 65 N. E. 15; *Commercial Union Assurance Co.* v. *State, ex rel.* (1888), 113 Ind. 331, 335, 15 N. E. 518; *Northern Assurance Co.* v. *Carpenter* (1912), 52 Ind. App. 432, 439, 94 N. E. 779; *West* v. *Nat. Casualty Co.* (1915), 61 Ind. App. 479, 112 N. E. 115.

The finding of facts shows that appellant, through its authorized agent, obtained knowledge of the mortgage and agreed to place on the policy the requisite clause to make it payable to the mortgagees, on January 28, 1913. The loss occurred on August 29, 1913, but the policy was not at any time so indorsed. On these facts the company must be held to have waived the condition requiring its consent to be indicated in writing upon the policy.

Having concluded that the agent had express authority in the matters relating to the mortgage upon the property covered by the policy in suit, it is unnecessary for us to discuss the question of his implied authority.

From the foregoing we conclude that the answers to the interrogatories are not in irreconcilable conflict with

the general verdict, and that the court did not err in overruling the motion for judgment on such answers.

Most of the questions discussed under appellant's motion for a new trial have in effect been disposed of by our decision of the questions relating to the pleadings and the interrogatories. We shall only specifically refer to those which have not been so disposed of.

The complaint shows that the only interest the appellees, other than Lytel Bair, have in the property is given them by the mortgage, and they ask only that such interest be protected out of the amount that may be found due on the policy. The protection of such interests could not change the liability of appellant nor increase the total amount, if any, due on the policy.

On the part of appellees the case was tried on the theory of a total loss, and that the value of the property destroyed by the fire exceeded the amount of the policy. On behalf of appellant the case was defended on the ground that it was not liable for any part of the loss for numerous reasons, principally because of the execution of the mortgage on the property without procuring its consent in writing on the policy; failure to make due proof of loss, and on the theory that appellee Lytel Bair had himself caused the property to be burned. We have read the evidence and find it conflicting on some of the controverted propositions, but there is no failure of proof to sustain every material element of appellees' case.

It is not essential that facts be established by direct and positive testimony, and it is sufficient on appeal if from the facts and circumstances proved the 19. jury may reasonably have inferred the ultimate and essential facts necessary to sustain the verdict. *Bronnenberg* v. *Indiana Union Traction Co.* (1915), 59 Ind. App. 495, 498, 109 N. E. 784; *Evans-*

*ville Metal Bed Co.* v. *Loge* (1908), 42 Ind. App. 461, 468, 85 N. E. 979.

The policy in suit was written by the local agent without any formal or written application, and the evidence shows that by special arrangements between him and Lytel Bair the policy was kept in the agent's office and was not seen by Bair until after the fire occurred. Insurance contracts, and more especially those executed under such circumstances, are not construed with the same strictness that generally obtains in the interpretation of written instruments where the parties stand upon the same level and have like opportunity to be advised as to all the provisions of the instrument. Where the premium has been paid and the risk has attached, every presumption will be indulged in favor of the good faith of the parties to uphold the contract made by them and to avoid a forfeiture. *Northern Assurance Co.* v. *Carpenter, supra,* and cases cited; *Glens Falls Ins. Co.* v. *Michael* (1906), 167 Ind. 659, 667, 74 N. E. 964, 79 N. E. 905, 8 L. R. A. (N. S.) 708; *Iowa Life Ins. Co.* v. *Haughton* (1910), 46 Ind. App. 467, 477, 87 N. E. 702.

One of appellant's witnesses on cross-examination testified to facts and circumstances which tended to contradict and weaken his testimony in chief. With no other foundation for so doing, appellant sought to prove by other witnesses that such witness had made statements out of court similar to his testimony in chief, shortly after the fire occurred, and the testimony was excluded on the objection of appellees that no foundation had been laid which warranted such corroborating testimony. Where a witness has been impeached by the testimony of another witness, tending to show that he has made statements out of court inconsistent with his testimony in court, it is

proper to corroborate such witness by proving that he had also made previous statements in harmony with his testimony at the trial. But the rule has not been extended to permit such corroborating testimony to support or bolster up the testimony of such witness in chief on the ground that his evidence on cross-examination tends to contradict or weaken his testimony in chief. *Hobbs* v. *State* (1893), 133 Ind. 404, 407, 32 N. E. 1019, 18 L. R. A. 774; *Hodges* v. *Bales* (1885), 102 Ind. 494, 500, 1 N. E. 692; *Hopkins* v. *State* (1913), 180 Ind. 293, 294, 102 N. E. 851.

We have examined the instructions and find no reversible error in the giving or refusal of them. Some of those given are not entirely accurate under our view of the law of this case on the subject of the authority of the local agent, but appellant was not harmed thereby, for under the views already announced in regard to the express written authority of the local agent, the court should have told the jury that he was thereby empowered to act for the company in consenting to the mortgage on the property and the proper indorsement of the policy, and that his acts and omissions in relation to the policy in suit and such mortgage were within the scope of his agency and binding on appellant. The instructions should be considered together, and when so read, they fairly and accurately state the law of the case.

We have considered and decided the controlling questions presented, and do not feel warranted in extending this already too lengthy opinion to further discuss minor technical questions, the rulings upon which, in our view of the paramount questions already decided, could not have deprived appellant of any substantial right, nor been influential in the determination of the legal controversy or the questions of fact submitted to and decided by the jury. Judgment affirmed.

Ibach, P. J., Dausman, Caldwell, Batman and Hottel, JJ., concur.

## ON PETITION FOR REHEARING.

FELT, J.—Several propositions are urged by appellant in support of its petition for a rehearing. In our view of the case all of these propositions are disposed of by the original opinion, either expressly or by necessary implication from the language employed and the authorities cited.

Appellant earnestly insists that the court has either failed to comprehend its position, or has by oversight applied principles that have no application to the controlling questions of this case. This contention is especially urged as to the court's view of the authority of appellant's local agent and the waiver by him of the provision requiring any waiver affecting the policy to be indorsed thereon in writing in order to bind the company. It is insisted that the mortgaging of the property after the policy was issued rendered it void and relieved appellant from all liability thereon; that no conduct or promise of the local agent respecting the indorsement of the consent of the company in writing on the policy could waive such requirement and have the effect of making appellant liable for the loss occasioned thereafter by the destruction of the property by fire.

It is contended that in the cases cited by the court the insured had a right which was affected by the conduct of the company or its authorized agent, and that in this case the insured had no right to mortgage the property without the consent of the company, and that by doing so without procuring such consent duly indorsed on the policy the same was rendered void; that there-

after the company might "as a matter of grace or favor waive this breach," but the insured could not claim that he had any right to the consent of the company to the mortgaging of the property or to have such consent indorsed on the policy in writing.

This view of the questions involved overlooks several important propositions clearly set forth in the opinion, viz.: (1) The local agent had express written authority to act for the company in giving consent to the mortgaging of property insured through his agency, and to make the necessary indorsement on the policies to evidence such consent and transfer of interest to the mortgagees. (2) The local agent gave such consent and promised to make the requisite indorsement on the policy to comply with the provisions thereof. (3) At the time such consent was given in January, the policy was in the possession and under the control of the local agent and so remained until after the fire occurred in August following.

In giving consent and promising to indorse the policy as requested by the insured, the local agent acted within the scope of his agency. His knowledge, his promise, and his failure relating to the mortgage on the property are all imputable to and binding upon the company. After giving consent and promising to indorse the same upon the policy then in the possession of its duly authorized agent, as above indicated, it became a matter of contract, obligating appellant to execute its agreement, and was no longer "a matter of grace or favor," to be bestowed or withheld at its pleasure. According to appellant's own statement, if this view is correct, the case is controlled by the principles announced and the authorities cited in the original opinion.

As supporting the views we have announced we refer to the case of *Havens* v. *Home Ins. Co.* (1887), 111 Ind.

90, 92, 12 N. E. 137, 138, 60 Am. Rep. 689, wherein our Supreme Court, by Mitchell, J., said: "Insurance policies are prepared by the companies, and contracts of insurance are usually consummated by experts on the. one hand, and inexperts on the other. The policy of the law is, therefore, to give them such an interpretation as to prevent a forfeiture whenever upon principles of fair construction such a result is possible. It is abundantly settled that, notwithstanding conditions in the policy, if at the time the insurance was effected, or afterwards, there were conditions, uses or incidents of the risk which were in conflict with conditions in the policy, and which were known to the insurer, or its agent, whose knowledge is imputable to the company, such conditions, uses, or incidents cannot be used to defeat a recovery after a loss has occurred. Issuing or continuing a policy of insurance, with full knowledge by the company of existing facts, which, according to a condition of the contract, make it voidable, is a waiver of the condition. If it were otherwise, the company would be enabled to perpetrate a fraud upon the assured. *Home Ins. Co.* v. *Duke,* 84 Ind. 253; *Aetna Ins. Co.* v. *Shryer,* 85 Ind. 362; *Excelsior, etc., Ass'n* v. *Riddle,* 91 Ind. 84; *Indiana Ins. Co.* v. *Capehart,* 108 Ind. 270."

The provisions of the policy rendering it void if the property insured should be encumbered without the written consent of the company indorsed thereon, and that no agent has authority to waive any condition of the policy except as therein stipulated, and that no waiver is binding on the company unless written upon, or attached to, the policy, are all stipulations in favor of the company, which it could waive by express agreement or by conduct, and which in the case at bar, as it comes to this court must be held to have been waived by the promise, failure, and

25. conduct of appellant's authorized agent, acting within the scope of his agency, or as sometimes expressed by the courts, appellant is thereby estopped to deny such waiver. *Insurance Co.* v. *Norton* (1877), 96 U. S. 234, 24 L. Ed. 689; *Havens* v. *Home Ins. Co.*, *supra*, 93, 95; *Sweetser* v. *Odd Fellows, etc., Assn.* (1889), 117 Ind. 97, 100, 19 N. E. 722; *Phenix Ins. Co.* v. *Tomlinson* (1890), 125 Ind. 84, 86, 25 N. E. 126, 9 L. R. A. 317, 21 Am. St. 203; *Union, etc., Ins. Co.* v. *Whetzel* (1902), 29 Ind. App. 658, 666, 65 N. E. 15, and cases cited.

\ The petition for a rehearing is overruled.

NOTE.—Reported in 114 N. E. 763, 116 N. E. 752. Insurance: waiver of stipulation in policy that conditions can be waived, only by writing issuing from the insurer; 107 Am. St. 99, 100, 19 Cyc 777, 778.